RICHARD E. BYRD v. ROBERT B. HODGES

No. 7810SC487

(Filed 8 January 1980)

**Constitutional Law § 74; Rules of Civil Procedure § 8— alienation of affections and criminal conversation—privilege against self-incrimination asserted—allegations of complaint not deemed admitted**

 A defendant may plead his privilege against self-incrimination in a civil action where the plaintiff asks for punitive damages, and the privilege applies to protect a party from self-incrimination at the pleadings stage of an action; therefore, in an action to recover compensatory and punitive damages for alienation of affections and criminal conversation where defendant refused to answer the allegations of plaintiff's complaint, claiming his constitutional privilege against self-incrimination, the trial court erred in deeming the allegations as admitted pursuant to G.S. 1A-1, Rule 8(d) and in entering judgment for plaintiff.

 Judge MITCHELL concurs in the result.

 Judge MARTIN (Robert M.) dissents.

APPEAL by defendant from *McLelland, Judge.* Order entered 28 March 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 2 March 1979.

This is a lawsuit founded on claims for alienation of affections and criminal conversation. At the time the summons was filed, an order was entered extending the time for filing a complaint. Before filing the complaint, the plaintiff attempted to depose the defendant, but the defendant refused to answer questions at the taking of the deposition on the ground the answers might tend to incriminate him. The plaintiff then filed a complaint in which he alleged in seven separate paragraphs specific times and places at which the plaintiff contended the defendant had sexual intercourse with the plaintiff's wife. The plaintiff prayed for $100,000.00 in compensatory damages and $100,000.00 in punitive damages. The defendant refused to answer the allegations of the complaint, claiming his constitutional privilege against self-incrimination. The superior court held that the allegations of the complaint would be treated as admitted in light of the defendant's failure to plead to them. Judgment for the plaintiff was entered on all issues except damages. Defendant appealed.

---

Byrd v. Hodges

---

*Boyce, Mitchell, Burns and Smith, by G. Eugene Boyce and Lacy M. Presnell III, for plaintiff appellee.*

*Cheshire, Bruckel and Swann, by Joseph B. Cheshire V, for defendant appellant.*

WEBB, Judge.

G.S. 1A-1, Rule 8(d) provides that if a defendant does not deny an allegation in a complaint it is deemed admitted. The question posed by this appeal is whether a defendant who has been sued for punitive damages may assert his privilege against self-incrimination by refusing to plead without suffering the stricture of Rule 8(d). A defendant may plead his privilege against self-incrimination in a civil action where the plaintiff asks for punitive damages. *Allred v. Graves*, 261 N.C. 31, 134 S.E. 2d 186 (1964). *Allred v. Graves* involved the defendant's refusal to answer questions when his deposition was taken. We must decide whether the privilege applies to protect a party from self-incrimination at the pleadings stage of an action. We hold that it does so protect the defendant.

The privilege against self-incrimination is basic to our law. It is contained in the United States Constitution and the North Carolina Constitution, Art. I, § 23. We can see no reason why a party should be required to incriminate himself by pleading if he is not required to do so by deposition in a civil action. The plaintiff argues that the defendant could deny the allegations, which would not be taken as a waiver of his privilege against self-incrimination. The difficulty with this argument is that the defendant and his attorney might not be able in good conscience to deny an allegation. We should not put a party and his attorney in the dilemma of either admitting evidence of a crime and possibly suffering punitive damages or filing a pleading which either of them know to be false.

We hold that in this case Rule 8(d) must yield to the constitutional right of the defendant not to incriminate himself. We reverse and remand this case to the Superior Court of Wake County with the direction that a hearing be had on the defendant's plea of self-incrimination. If the court should find that the defendant's answers would tend to incriminate him, it shall

enter an order that the allegations to which the defendant does not plead are deemed denied.

Reversed and remanded.

Judge MITCHELL concurs in the result.

Judge MARTIN (Robert M.) dissents.