**STATE ex rel. Joe SIMANEK, Attorney at Law, on his behalf, and that of his client, Relator,**

v.

**The Honorable George BERRY, Judge, Probate Division of the Sixteenth Judicial Circuit of Missouri, Respondent.**

**No. WD 31304.**

Missouri Court of Appeals,
Western District.

April 7, 1980.

Joe Simanek, Michael Thompson, Missouri Institutional Law Project, Legal Aid of Western Missouri, Kansas City, for relator.

Stephen H. Stiller, Asst. County Counselor, Kansas City, for respondent.

Before WASSERSTROM, C. J., and SHANGLER, DIXON, SWOFFORD, TURNAGE, CLARK and KENNEDY, JJ.

TURNAGE, Judge.

Joe Simanek filed a petition for writ of prohibition on behalf of himself and M.C., his client, to prohibit the judge of the Probate Division of the Circuit Court of Jackson County from compelling Simanek to file an answer in a proceeding for the involuntary detention and treatment of M.C. under Chapter 202, RSMo 1978.* A preliminary rule in prohibition was issued.

A petition for involuntary detention and treatment for a period not to exceed one year was filed in the probate division pursuant to § 202.145. The petition alleged M.C. was being held in the St. Joseph State Hospital as an involuntary patient under a court order for a 90-day period. The petition alleged M.C. had a mental illness and by reason of such mental illness continues to present a likelihood of serious physical harm to himself or others and is in need of continued detention and treatment for a period not to exceed one year. The petition alleged facts supporting the above stated conclusion.

A request for jury trial was filed and the judge of the probate division entered an order designating the proceeding against M.C. as adversary within the meaning of §§ 472.140 and 472.141. The court specified that Civil Rule 55 would apply to the proceeding and required Simanek to file an answer within the time prescribed by Rule 55. The probate division later rescinded this order and thereafter reinstated the requirement that an answer be filed. The court stated an answer was being required to "provide a procedural framework for the determination of the admissibility of evidence, based upon the petition and the answer filed in response thereto which frame the issues to be tried and also to determine the elements on which the jury will be instructed."

In this proceeding Simanek contends there is no need for the court to designate a proceeding for involuntary detention and treatment under §§ 202.121–202.180 as adversary when by its very nature and under the provisions of those sections it is already adversary, and the requirement to file an answer violates § 202.135 which gives M.C. the right to remain silent.

The argument on behalf of the judge begins with §§ 472.140 and 472.141. Section 472.140.1 requires a record to be kept in any adversary probate proceeding in the probate division of the circuit court. Section 472.140.2 defines an "adversary probate proceeding" to mean any proceeding which requires before entry of an order or judgment that notice be given to interested parties with certain exceptions, and any other probate proceeding determined by the judge of the probate division to be an adversary proceeding. Section 472.141 allows the judge to specify the provisions of the Rules of Civil Procedure which shall govern the proceedings after the judge has determined the proceeding to be adversary.

The argument in favor of requiring an answer notes the requirement of § 202.121 that the application for involuntary detention and treatment shall be filed with the court having probate jurisdiction. The argument continues that since the action is filed in the court having probate jurisdiction the matter then becomes a probate proceeding and §§ 472.140 and 472.141 grants the judge the power to designate the proceeding as adversary and further designate the portions of the Rules of Civil Procedure to be followed, including Rule 55 providing for the filing of an answer.

---

* All statutory references are to RSMo 1978 unless otherwise noted.

It is not necessary to decide whether or not a proceeding for involuntary detention and treatment under Chapter 202 is an "adversary probate proceeding" under § 472.-140. Suffice it to say this court entertains serious doubts that such a proceeding is an adversary probate proceeding in view of the definition of probate business in *In Re Myers' Estate*, 376 S.W.2d 219, 224 (Mo. banc 1964). However, this court prefers to decide this case on a substantive question of law rather than on a procedural issue.

Sections 202.121–202.180 contain a complete procedure for the filing and content of petitions for involuntary detention and treatment for periods from 96 hours to one year. An order for detention for any period of time must be preceded by the filing of a petition alleging the respondent to be mentally ill and that he presents a likelihood of serious physical harm to himself or others. The standard of proof is stated in § 202.135.5 to be upon clear, cogent and convincing evidence. No requirement is made that respondent file an answer or any pleading. Section 202.135.2 enumerates the rights a respondent shall have. These include the right to be represented by an attorney, to present evidence on his own behalf, to cross-examine witnesses against him, and to remain silent.

After a respondent is initially detained, a separate petition, notice and hearing is required before the court may order his detention for periods of 14 days, § 202.133, 90 days, § 202.137, and up to one year under § 202.145. In this case, M.C. had been involuntarily confined for the lesser periods, and the pending proceeding is for the period up to one year.

In *Addington v. Texas*, 441 U.S. 418, 425, 99 S.Ct. 1804, 1809, 60 L.Ed.2d 323 (1979) the court stated in considering an action for involuntary detention under a statute very similar to the provisions of Chapter 202 here involved, "[t]his court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." It was undoubtedly in recognition of this due process right that the legis-

lature adopted §§ 202.121–202.180 including the rights granted to a respondent enumerated in § 202.135.2. Among these is the right to remain silent.

In *Application of Gault*, 387 U.S. 1, 50, 87 S.Ct. 1428, 1455, 18 L.Ed.2d 527 (1967) the court stated:

> For this purpose, at least, commitment is a deprivation of liberty. It is incarceration against one's will, whether it is called "criminal" or "civil." And our Constitution guarantees that no person shall be "compelled" to be a witness against himself when he is threatened with deprivation of his liberty—a command which this Court has broadly applied and generously implemented in accordance with the teaching of the history of the privilege and its great office in mankind's battle for freedom.

■ From *Addington* and *Gault* it is clear that before anyone may be deprived of his liberty, whether the proceeding be denominated criminal or civil, the person is entitled to due process of law and is further entitled to the constitutional protection that he shall not be compelled to be a witness against himself, or as sometimes stated, the right not to be required to incriminate himself.

■ This court construes the right to remain silent granted to a respondent by § 202.135.2 to embody the constitutional protection that he cannot be compelled to be a witness against himself or incriminate himself. It is clear this right would be violated by requiring the respondent to take the witness stand and to testify. The question presented in this case is whether the right to remain silent, which is equated with the right not to be compelled to incriminate himself, is violated by requiring an answer to be filed on behalf of the respondent. This question was answered in *In Re Peck*, 167 N.Y. 391, 393, 60 N.E. 775, 776 (1901). *Peck* involved an action to revoke a liquor tax certificate. The statute provided that a written petition could be filed that the holder of the certificate had violated the liquor laws and unless a verified answer was filed raising an issue as to

some material fact in the petition, the certificate could be revoked by default. The court stated that the statute practically provided that the holder was presumed to be guilty unless he denied the charge under oath. With reference to the requirement that a denial be filed, the court stated 60 N.E. at page 776:

> If he omits to deny the statements of the petition on oath, the facts charged are to be taken as confessed, and a forfeiture follows. If the party against whom the proceeding is instituted is really guilty of the offense charged, he is thus compelled to confess his guilt, either by his oath or by silence, and then the forfeiture of his property rights follows. He has no other alternative, unless he is tempted to tamper with his conscience and deny the truth on oath. It is not competent for the legislature to place a citizen in such a disadvantageous position in order to protect his liberty or his property. In any proceeding by the state to deprive him of the one or the other, the facts which in law justify it must be alleged and established. The legislature has no power to enact that they may be inferred or presumed from the silence of the party accused or from his failure to answer under oath.

The court concluded that the requirement that an answer or denial be filed violated the constitutional right against self incrimination when it stated:

> The constitutional immunity from every species of incrimination may be as effectually violated by a law which compels a person to plead or deny upon oath any charge involving a criminal offense, without regard to the form of the investigation, as by a law compelling him to testify as a witness. The privilege of silence secured by the constitution applies to the one case as well as the other.

This court does not consider the fact that *Peck* dealt with a denial made under oath as determinative of the constitutional question. This court considers the fact that a required answer or denial was a violation of the right against self incrimination without regard to whether such answer or denial was required to be under oath.

The same conclusion was reached in *Byrd v. Hodges*, 44 N.C.App. 509, 261 S.E.2d 269 (1980) (one judge concurring in result and one dissenting). In *Byrd* the question was whether or not a defendant who had been sued for punitive damages may assert his right against self incrimination by refusing to plead without suffering the penalty of a statute which provided that any allegation in a petition which is not denied is deemed to be admitted. The court said it was argued that in such a case the defendant could deny the allegations which would not be taken as a waiver of his privilege against self incrimination. In response to this, the court stated at 261 S.E.2d 270:

> The difficulty with this argument is that the defendant and his attorney might not be able in good conscience to deny an allegation. We should not put a party and his attorney in the dilemma of either admitting evidence of a crime and possibly suffering punitive damages or filing a pleading which either of them know to be false.

It is clear that both *Peck* and *Byrd* held that the requirement that an answer be filed must yield to the right against self incrimination.[1] Both courts observe that a party should not be forced to file a false denial simply to observe the form of filing an answer when in good conscience the denial could not be made. In short, both courts held that a party could not be compelled to testify against himself by the filing of an answer.

In this case it could be argued that the requirement that M.C. file an answer is meaningless because Rule 55 authorizes a general denial which would place in issue all the allegations of the petition. However, as observed in *Peck* and *Byrd*, neither M.C. nor his attorney should be placed in a position of filing a denial if in good conscience a denial could not be made. On the other

---

1. This case does not involve the usual civil case and no expression is made as to the applicability of these cases to a civil case not under Chapter 202.

hand, M.C. cannot be required to testify against himself, and thus could not be required to file an answer admitting all or part of the allegations of the petition. It is clear that under both *Byrd* and *Peck* the court may not require an answer to be filed on behalf of M.C. because he has the right to remain silent and not to incriminate himself.

There is no provision in any of the sections in Chapter 202 relating to involuntary detention and treatment for the respondent to file an answer. Again the legislature has recognized the right of the respondent not to incriminate himself and has correctly omitted any requirement that the respondent file any pleading.

■ Further, it should be observed that there is no necessity for an answer to be filed in order to frame the issues or to determine the admissibility of evidence or to ascertain the instructions which will be given to the jury. Section 202.145.3 states the issue to be tried by the jury in the case now pending against M.C. The jury is to determine if M.C., as the result of mental illness, presents a likelihood of serious physical harm to himself or others. This is a very simple and straightforward question which is to be addressed by the evidence and the instructions. No one suggests in what way an answer could aid in framing an issue the statute so clearly states. Nor is there any suggestion as to how an answer could aid in determining the admissibility of evidence or the drafting of instructions. The burden is on the state to prove the mental illness and likelihood of harm and that burden remains with the state. There is no affirmative defense available to the respondent. Of course, the respondent may present evidence, but it is to be directed to the allegation of illness and danger of harm. No other issues are involved.

Once the jury has made a finding that M.C. presents a likelihood of serious physical harm to himself or others as a result of mental illness, the court simply enters an order based on that finding that M.C. be detained for involuntary treatment for a period not to exceed one year.

This court concludes the legislature recognized the right of M.C. not to be compelled to incriminate himself and granted him the right to remain silent and that this right is violated by requiring M.C. to file an answer. The conclusion necessarily follows that the respondent judge exceeded his jurisdiction when he entered his order requiring an answer to be filed on behalf of M.C. The preliminary rule in prohibition is made absolute.

All concur.