**STATE of Missouri, Respondent,**

v.

**Glenn George RUFF, Appellant.**

**No. 50859.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 31, 1987.

Motion for Rehearing and/or Transfer Denied May 6, 1987.

Application to Transfer Denied June 16, 1987.

Timothy A. Braun, Public Defender, St. Charles, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Glenn George Ruff, defendant, was convicted by a jury for the sale of a controlled

substance, in violation of § 195.200.1(4), RSMo (Cum.Supp.1984). Defendant was sentenced as a persistent offender to fifteen years' imprisonment. Defendant appeals his conviction on the grounds that the trial court erred in: (1) failing to strike for cause a member of the venire; (2) denying defendant's motion to quash the venire after the prosecution solicited venire members' views of the statutory punishment for the sale and possession of marijuana; (3) denying defendant's motion to quash the venire because the prosecutor questioned the panel about whether they or any relative had ever been arrested; and (4) refusing to allow defense counsel to question a surrebuttal witness as to his motive for asserting his privilege against self-incrimination. Finding no reversible error, we affirm.

Viewed in the light most favorable to the verdict, the state's evidence was that on August 27, 1984, the defendant sold two one-ounce bags of marijuana to an undercover narcotics officer at 1134 Powell Street in St. Charles, Missouri. Defendant did not testify. His witnesses testified that no drug sale occurred at the alleged time and place, and defense witness Vicki Morris testified that another person, Teresa Illig, was actually responsible for the sale of the marijuana to the undercover officer.

In his first point, defendant contends that the trial court erred in denying his challenge to strike for cause venireperson Mary Lee Pierce. Ms. Pierce, a graduate of the St. Charles Police Academy, recognized the name of a police officer witness, and expressed the belief that the police would not lie but that they can "possibly" be mistaken as to facts. She was also questioned extensively about her views regarding the possibility of defendant's failure to testify. Defendant argues that Ms. Pierce's responses were equivocal and raised doubts as to her ability to be an impartial juror. It is his contention that, since he had to use one of his peremptory challenges to exclude Ms. Pierce from the venire, he was deprived of his right to make his peremptory challenges from a full panel of qualified venirepersons.

The trial court is vested with broad discretion in controlling voir dire examination and its ruling will not be disturbed unless there is a clear abuse of discretion. *State v. Gash*, 572 S.W.2d 240, 242 (Mo.App., W.D.1978). Affiliation with law enforcement officials alone is not enough reason to sustain a challenge for cause. *State v. Edwards*, 716 S.W.2d 484, 487 (Mo.App., E.D.1986). Further, it is not reversible error to fail to strike for cause a venire member who initially expresses a tendency to believe a police officer's testimony over other witnesses, but who, upon further questioning, indicates an ability to evaluate all testimony by the same standard. *State v. Harrell*, 637 S.W.2d 752, 756 (Mo.App., W.D.1982); *compare State v. Draper*, 675 S.W.2d 863, 865 (Mo. banc 1984) (venireperson expressed an unwaivering partiality towards testimony of law enforcement officials).

In this case, venireperson Pierce clearly and unequivocally stated that her prior affiliations as a police cadet and with police officers would not bias her in favor of the police officers' testimony. Although she stated that she did not believe police officers would lie under oath, she also expressed the hope that the defense witnesses would also tell the truth. Furthermore, venireperson Pierce was not an active member of a police department involved in this case. *Compare State v. Butts*, 349 Mo. 213, 159 S.W.2d 790 (1942). Her responses to defense counsel's questions indicated her ability and willingness to be fair and impartial.

Defendant also argues that Ms. Pierce indicated that she believed the defendant bore the burden of proving his innocence. Indeed, it is reversible error to fail to strike for cause a venireperson who cannot state unequivocally that she would not draw any inference of guilt if the defendant failed to testify. *State v. Stewart*, 692 S.W.2d 295, 299 (Mo. banc 1985); *State v. Wolff*, 701 S.W.2d 777, 779 (Mo.App., E.D.1985). This is not the situation here. The record indicates that Ms. Pierce understood that the state has the burden of proving a defendant's guilt beyond a reasonable doubt. The trial court did not

abuse its discretion in denying defendant's challenge for cause. Defendant's first point is therefore denied.

In his second point, defendant argues that the trial court erred in overruling his motion to quash the entire venire panel because the state impermissibly questioned the panel about their views on the statutory punishment for the possession or sale of marijuana. Defendant further contends that such questioning constituted reversible error because the court, and not the jury, was charged with sentencing defendant, since it had been determined that defendant was a persistent offender and therefore subject to statutory punishment.

The trial court is vested with broad discretion in controlling voir dire examination and its ruling will not be disturbed unless the court clearly and manifestly abuses its discretion. *State v. McKinney*, 630 S.W.2d 96, 99 (Mo.App., E.D.1981). The purpose of voir dire interrogation is to determine whether jurors are free from bias or prejudice in order to assure the defendant of a fair and impartial trial. *U.S. v. Cosby*, 529 F.2d 143, 148 (8th Cir., 1976), *cert. denied*, 426 U.S. 935, 96 S.Ct. 2647, 49 L.Ed.2d 386 (1976).

 In this case, the prosecution sought to determine whether those venire members who disagreed with the statutory punishment for drug related offenses could still follow the court's instructions on the law and find a defendant guilty based on the evidence. The exclusion of venire members whose consciences are shocked by the harshness of marijuana penalties so that they are unable to follow the law does not deny a defendant his right to a fair and impartial jury. *State v. Fenton*, 628 S.W.2d 706, 708 (Mo.App., W.D.1982). *See also State v. Mayes*, 654 S.W.2d 926, 937 (Mo.App., E.D.1983). The record reveals that those jurors who were dismissed indicated that their disagreement with the marijuana laws biased their judgment and pre-

cluded them from unequivocally following the court's instructions on the law. Defendant has failed to show evidence of prejudice. There was no abuse of discretion by the trial court and this point is denied.

Defendant's third point also finds error in the court's failure to quash the venire. He alleges that he was denied a jury representative of a cross-section of the community because the prosecution impermissibly asked panel members whether they, or anyone they knew, had ever been arrested. Defendant argues that this question violated §§ 610.100 through 610.120 RSMo (Cum. Supp.1984).[1] Defendant failed to preserve this issue for review and we must therefore consider it under the plain error doctrine. Under this standard, the record is examined to determine whether manifest injustice or miscarriage of justice has occurred with regard to defendant's substantial rights. Rule 30.20.

 On its face, defendant's argument is statutorily unfounded. The statute does not preclude persons who have been arrested from voluntarily offering information about their arrests. Rather, it protects them from punishment for perjury or false statement should they choose not to disclose information about those arrests. *In Re Mossie*, 768 F.2d 985, 987 (8th Cir., 1985). Prosecutors may ask prospective jurors on voir dire about past arrests in order to unearth any prejudice they may harbor against the state. *State v. Jenkins*, 494 S.W.2d 14, 18 (Mo.1973). Such questions have also been allowed as to persons known to the prospective jurors. *In Re Mossie*, 768 F.2d 985, 987 (8th Cir., 1985).

 Defendant's argument that the exclusion of jurors who had been, or knew others who had been, arrested resulted in the denial to him of a jury representative of a cross-section of the community is similarly flawed. In order to sustain his constitutional challenge, defendant must show that: (1) the group alleged to be excluded

---

1. The statute provides that where a person is arrested but not charged with an offense, or is either not charged or whose case is subsequently nolle prosequi, dismissed, or is found not guilty, the records of such arrest are closed except as provided in § 610.120. The statute further provides that no person as to whom such records have become closed shall thereafter be guilty of perjury or of giving false statement by failing to disclose such arrest or trial in response to any inquiry made of him. § 610.110. Such closed records are to be inaccessible to the general public and to any one other than the person involved. § 610.120.

is a distinctive class in the community; (2) the representation of this class in the venire fails to fairly and reasonably relate to their numbers in the community; and (3) this underrepresentation is due to systematic exclusion of the class in the jury selection process. *State v. Alexander,* 620 S.W.2d 380, 384–85 (Mo. banc 1981). Defendant bears a heavy burden under this test. *State v. Cutts,* 694 S.W.2d 804, 807 (Mo.App., W.D.1985). We find that defendant has not met his burden in that there is no proof that persons who have been arrested or know others who have been arrested are a distinct class subject to unconstitutional underrepresentation and systematically excluded from jury panels in St. Charles County. Point denied.

Finally, defendant argues that the trial court erred in refusing to allow defense counsel to question its surrebuttal witness, James Hittler, about his motive for asserting his Fifth Amendment right against self-incrimination. On direct examination by defense counsel,[2] Hittler initially denied giving marijuana to Teresa Illig and then asserted his Fifth Amendment right on advice of counsel. On cross-examination, Hittler again denied that he had sold marijuana. Hittler reasserted his constitutional right in subsequent questions by defense counsel. Defendant argues that Hittler should have been compelled to answer his questions because Hittler waived his constitutional right when he denied having given marijuana to Teresa Illig.

A witness waives his Fifth Amendment privilege against self-incrimination when he discloses information which would incriminate him and thereafter must disclose the details of that activity. *Rogers v. United States,* 340 U.S. 367, 373–375, 71 S.Ct. 438, 442–443, 95 L.Ed.2d 378 (1951). The privilege against self-incrimination extends not only to refusing to answer questions asked, but also to refusing to explain how that answer might incriminate the witness. *State v. Powell,* 684 S.W.2d 514, 516 (Mo.App., E.D.1984). The witness cannot be compelled to testify or incriminate himself. *State ex rel. Simanek v. Berry,* 597 S.W.2d 718, 720 (Mo.App., W.D.1980); *State v. Cavanaugh,* 419 S.W.2d 929, 933 (Mo.App., W.D.1967). Here, Hittler did not admit guilt to any crime, but rather *denied* giving marijuana. In so doing, he did not waive his right against self-incrimination. The court expressly permitted defense counsel to question Hittler about whether he had lied by first denying any sale and then asserting the Fifth Amendment privilege. The trial court did not err in refusing to allow defense counsel to question the witness about his motive for asserting his right. This point is denied.

The judgment of the trial court is affirmed.

STEPHAN and SIMON, JJ., concur.

---

**2.** The testimony was as follows:

Q: (By defense counsel): On August 27th, 1984, did you have occasion to give any drugs to Teresa Illig?

MR. LONDOFF: Judge, on behalf of this witness I'm going to instruct the witness to plead the Fifth Amendment.

THE COURT: Very well.

THE WITNESS: I refuse to answer on the grounds my testimony might tend to incriminate me.