Vincent **WILLIAMS–EL, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 54632.

Missouri Court of Appeals, Eastern District, Division One.

March 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 1989.

Application to Transfer Denied May 16, 1989.

Beverly A. Beimdiek, St. Louis, for movant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Vincent Williams–El, appeals from the denial of his Rule 27.26 [1] motion after an evidentiary hearing. Movant was originally charged in a three-count indictment with capital murder, murder in the first degree, and stealing a motor vehicle. Those charges arose out of the strangulation of a victim with an electric cord. Movant pleaded guilty to charges contained in a two-count information, in lieu of indictment, of murder in the second degree and stealing a motor vehicle and was sentenced to imprisonment for thirty years and a concurrent term of seven years respectively. Movant then brought this Rule 27.26 motion. We affirm.

■ In his first point on appeal, movant claims the motion court erred in rejecting his claim that his plea of guilty was given involuntarily. He claims the guilty plea was coerced because of trial counsel's failure to interview his codefendant, Joseph Wilson, who would have testified that "he didn't do it"; failure to interview movant's brother-in-law who would have provided information to support a meritorious motion to suppress incriminating statements; and failure to interview Charles Mason who would have testified favorably at trial in movant's defense.

Movant testified at the motion hearing in an attempt to support his claim of a coerced plea of guilty. His trial counsel also testified at the hearing. Trial counsel's testimony refuted movant's testimony. The motion court, as trier of fact, chose to reject movant's testimony as not credible and to believe the testimony of his trial counsel.

It is within the purview of the motion court to determine the credibility of witnesses. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court was free to believe movant's counsel and disbelieve movant. Even if there had been no contrary evidence, it was within the motion court's discretion to disbelieve movant. *White v. State*, 694 S.W.2d 825, 827 (Mo.App.1985). In addition, movant's statement, given under oath and contained in the transcript of his guilty plea, clearly refutes movant's claim of coercion. Movant testified that he was satisfied with trial counsel's trial preparation and legal services.

The motion court's determination was not clearly erroneous. Movant's first point is denied.

■ In his second point, movant alleges that the hearing court erred by allowing a witness to invoke the Fifth Amendment privilege against self-incrimination after the witnesses had already begun answering questions.

Movant called his codefendant, Joseph Wilson, to testify at the Rule 27.26 hearing.

1. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri. Rule 24.035 is the new rule effective January 1, 1988. This appeal is governed by Rule 27.26 because the sentence was pronounced prior to January 1, 1988, and movant's Rule 27.26 motion was then pending.

Wilson was not represented by counsel. The court felt that there was a risk that Wilson might incriminate himself, so the court continued the matter until December 11, 1987, so that Wilson could have counsel appointed. At that setting Wilson, now represented by counsel, took the stand and personally invoked his Fifth Amendment right as to all matters pertaining to movant's prosecution and conviction. However, Wilson proceeded to answer a series of questions which did not incriminate him. Wilson's attorney objected when the questioning approached the area for which Wilson had asserted the privilege. The trial court stopped further questioning.

Movant personally invoked his Fifth Amendment privilege as to matters relating to movant's prosecution and conviction. He did not waive that privilege by answering matters that did not incriminate him. *State v. Ruff,* 729 S.W.2d 556, 560 (Mo. App.1987). The motion court's decision to allow Wilson to invoke his right not to incriminate himself was not clearly erroneous.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.