**Robert MAHER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55161.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 17, 1989.

Allen I. Harris, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Movant appeals the denial of his Rule 29.15 motion for post-conviction relief. We affirm.

Movant was found guilty by a jury of five counts of robbery, first degree, two counts of armed criminal action, and one count of tampering, first degree. The jury assessed punishment at 15 years on one robbery count, 10 years on each of the remaining robbery counts, 3 years on each armed criminal action count and 3 months on the tampering count. The court sentenced movant in accordance with the jury verdict, ordering each sentence except the three months for tampering to be served consecutively, for a total of 61 years. This judgment was affirmed on direct appeal. *State v. Maher,* 743 S.W.2d 561 (Mo.App. 1987). Thereafter, movant filed a pro se motion seeking post-conviction relief under Rule 29.15. Counsel was appointed and subsequently replaced by retained counsel who filed an amended motion. After an evidentiary hearing the motion was denied with detailed findings of facts and conclusions of law.

In a single point on appeal movant asserts:

I. The court erred in finding that the defense counsel acted competently, in the following respects:

(A) In that no competent lawyer would have tried the case with the facts in front of him,

(B) The court erred in finding the trial lawyer was not ineffective in admitting the guilt of interrelated counts of the incident,

(C) The court erred in finding that the toy gun evidence was not ineffective.

■ The first prong of movant's claim of ineffective assistance of counsel is indeed novel. He argues that his privately retained trial counsel was deficient for failing to convince him "that a guilty plea, as painful as it might be, was the best solution." As authority for this unique contention he cites the words of Kenny Rogers in *The Gambler,* "you have to know when to hold them and know when to fold them."

At the motion hearing movant admitted he had rejected a pretrial offer by the State to recommend a 25 year sentence in return for his guilty plea. He also refused to withdraw his not-guilty plea, when during the trial, the State offered to recommend a sentence of 40 years. He admitted he had been advised of the range of punishment for each of the eight charges. However, he testified, if he had been told his case was "indefensible", he would have taken one of the offers.

In rejecting this contention the motion court found it to be "second guessing at best and a matter of credibility." We agree.

Even were we at liberty to disregard the motion court's determination regarding credibility, which we are not, *Williams–El v. State,* 768 S.W.2d 605, 606 (Mo.App. 1989), we would not do so in this case. Movant's adamancy at the time of trial is clearly demonstrated by his cross-examination testimony that no matter what the lawyer told him, 25 years was too much time. The record also indicates that prior to movant's objection to the plea bargain offer his codefendant had been tried, con-

victed, and sentenced to 80 years for his participation in the same offenses. Movant does not suggest how his trial counsel might have convinced him to plead guilty. Since trial counsel was not called to testify at the evidentiary hearing we are left in the dark regarding what advice he may have given to movant. It is perfectly clear, however, that the decision to reject the plea bargain offers was made by movant and that this decision was not induced by any misrepresentation or failure to disclose the possible range of punishment to which he was exposed. Movant is in no position to claim his attorney was ineffective merely because he carried out his own wishes. *State v. Harris*, 774 S.W.2d 487, 494 (Mo. App.1989). As stated in *Peeler v. State*, 750 S.W.2d 687, 691 (Mo.App.1988), "[h]e was informed, according to his own testimony, of the possible sentence, took a gamble and lost."

The second and third prongs of movant's charge of ineffective assistance relate to matters of trial strategy. His trial counsel attempted to plant in the minds of the jurors, as a defense to the two counts of armed criminal action, the possibility that the gun used by the robbers was a toy. Movant leaps to the conclusion that the jurors must have thought the lawyer was told by his client the gun was a toy, thereby implying his guilt of the robberies. We find such convoluted reasoning totally unpersuasive. It amounts to nothing more than second-guessing after a bad result which fails to establish incompetence on the part of trial counsel. *Steubenrouch v. State*, 752 S.W.2d 327, 328 (Mo.App.1988).

The third prong of movant's claim apparently relates to the closing argument made by his trial counsel. We have not been furnished with a transcript of the argument but in his statement of facts movant refers to comments which, as a part of a plea for leniency, conceded the likelihood of guilty verdicts on certain of the counts. Rather than demonstrating ineffective assistance, the record reflects the tactic was very effective as the jury assessed the minimum punishment on seven of the eight charges. There is no indica-

tion that but for this argument of trial counsel the result would have been more favorable to movant. Indeed, his first point acknowledges his case was "indefensible". The success of counsel's strategy is further demonstrated by the fact that movant's codefendant was sentenced to a total of 80 years for the same offenses.

In conclusion, movant has failed to sustain his burden of showing that his trial counsel was guilty of unprofessional errors, let alone that the result of the proceeding would have been different but for counsel's deficient performance. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo.banc 1987).

Judgment affirmed.

SMITH, P.J., and SATZ, J., concur.