STATE ex rel. Gene HELMS, Relator,

v.

Honorable Weldon W. MOORE and
Honorable R.M. Becker,
Respondents.

STATE ex rel. Jerry Lee
REED, Relator,

v.

Honorable Weldon W. MOORE and
Honorable Arthur B. Cohn,
Respondents.

Nos. 14214, 14221.

Missouri Court of Appeals,
Southern District,
Division Two.

June 20, 1985.

Motion for Rehearing and Transfer
Denied July 12, 1985.

John D. Beger, Price & Beger, Salem, for relator Gene Helms.

Peter N. Sterling, Rolla, for relator Jerry Lee Reed.

Ronald D. White, Rolla, for respondents.

MAUS, Judge.

These original proceedings in this court seek clarification of the procedure to be followed upon the filing of an application for a change of judge and change of venue in a criminal case being heard by a circuit judge in a circuit having two circuit judges.

The 25th Judicial Circuit is composed of Phelps, Pulaski, Maries and Texas Counties. That circuit has two circuit judges. The underlying criminal case against Relator Helms was pending in the circuit court of Maries County. It was being heard by the circuit judge who was the presiding judge of the circuit. The defendant filed an application for a change of judge and a change of venue. The presiding judge en-tered an order assigning the case to the associate circuit judge of Texas County. The associate circuit judge then caused the case to be transferred to Texas County.

Two underlying criminal cases against Relator Reed were pending in the circuit court of Phelps County. They were being heard by the circuit judge who was the presiding judge. Upon similar applications, the presiding judge assigned those cases to the associate circuit judge of Pulaski County. That associate circuit judge transferred the cases to Pulaski County.

Each defendant contends that upon their respective applications, the presiding judge should have assigned the cases to the other circuit judge. By their separate petitions in this court, each defendant seeks to cause the cases to be retransferred to the county in which they were initially pending and to be assigned to the other circuit judge. The preliminary writ of this court issued upon each petition. The respective respondents were directed to show cause why the writs should not be made permanent and the relief sought granted. In as much as the same issues were presented in each proceeding, they were consolidated for submission and disposition.

■ The relators contend the action of the presiding judge was controlled by Rule 32.08(c)(3) which in part provides:

(c) Upon presentation of a timely application for both a change of judge and a change of venue the judge shall promptly sustain the application for change of judge, and:

. . . .

(3) If the case is being heard by a circuit judge in the circuit having two circuit judges, the judge shall transfer the case to the other circuit judge or shall request this Court to transfer a judge.

They also cite local Rule 6.5 which in part provides: "If a circuit judge is changed, he shall note the same on the docket sheet and by docket entry transfer the cause to the other circuit judge."

Rule 32.08(c)(3) is a rule relating to practice and procedure established pursuant to Mo. Const. Art. V, § 5. The applications in question are within the scope of that rule. With unmistakable clarity it provides the presiding judge should have transferred the cases to the other circuit judge or requested the Supreme Court to transfer a judge.

The respondents cite the need for greater flexibility in order that the growing case load may be assigned to more efficiently utilize all judges in the circuit. This court recognizes the heavy and increasing burden upon trial judges. Without question the action of the presiding judge was a good faith effort to ameliorate that burden. However, that contention does not alter the language and meaning of the undeniably applicable rule. Compare *State ex rel. Horton v. House*, 646 S.W.2d 91 (Mo. banc 1983); *Matter of Buford*, 577 S.W.2d 809 (Mo. banc 1979).

■ The respondents principally rely upon § 478.255.3 which reads:

In any circuit, which has four circuit judges or less, when a presiding judge elects to hear and determine a case but subsequently is disqualified, said presiding judge may assign another judge within the circuit, qualified to hear the case, to hear and determine the case. If there is no other judge within the circuit qualified to hear the case, the chief justice of the supreme court shall assign a competent judge to hear and determine the case.

The language of this subsection does, on its face, authorize the action of the presiding judge in the underlying cases. However, it is in direct conflict with Rule 32.08(c)(3). Section 478.255 was initially enacted in 1979. Laws of Mo.1979, p. 625. Rule 32.08, adopted in 1981, has the "force and effect of law." Mo. Const. Art. V, § 5. Section 478.255.3 was added in 1982. Laws of Mo.1982, p. 670. The latter act was not limited to the purpose of annulling or amending, in whole or in part, Rule 32.08(c)(3) within the meaning of Mo. Const. Art. V, § 5; *State ex rel. Pressner & Co. v.*

*Scott*, 387 S.W.2d 539 (Mo. banc 1965). For that reason, applicable Rule 32.08(c)(3) controls and limits the authority of the presiding judge. Mo. Const. Art. V, § 5; *Redifer v. Redifer*, 650 S.W.2d 26 (Mo.App.1983).

■ The respondents also rely upon that portion of Mo. Const. Art. V, § 15.3 which provides "[t]he presiding judge shall have general administrative authority over the court and its divisions." They also have cited § 478.240.2, RSMo, that grants the presiding judge broad powers in the assignment of judicial personnel in the circuit. However, § 478.240.2(3) expressly provides that the section does not authorize the presiding judge to make an "[a]ssignment of a case to a judge contrary to the provisions of supreme court rules or local circuit court rules." By a recent case, the Supreme Court has made it clear the general administrative control granted by the constitution and statute must be exercised in conformity with local court rules. *Gregory v. Corrigan*, 685 S.W.2d 840 (Mo. banc 1985). It is axiomatic that such control must be exercised within the limitations of applicable Supreme Court Rules.

■ The ultimate disposition of these proceedings requires direction upon a point not directly in issue. As noted, Rule 32.08(c)(3) provides the presiding judge shall transfer the cases to the other circuit judge, *or* request the Supreme Court to transfer a judge. Local Rule 6.5 purports to limit the authority of the presiding judge to transferring the cause to the other circuit judge. The circuit judges of the circuit may make rules for the circuit *"not inconsistent with the rules of the Supreme Court."* Mo. Const. Art. V, § 15.1 (emphasis added). The optional power granted the presiding judge by the Supreme Court Rule cannot be limited by the inconsistent provision of the local rule.

The preliminary writs in these cases are made absolute. It is directed and ordered that each criminal case be and is retransferred to the circuit court in which it was initially pending and reassigned to the presiding judge. It is further directed that upon the pending applications, the presid-

ing judge transfer each case to the other circuit judge or request the Supreme Court to transfer a judge for each case.

HOGAN, P.J., PREWITT, C.J., and CROW, J., concur.