**STATE of Missouri, ex rel. K.D., Plaintiff/Relator,**

v.

**Honorable Milton A. SAITZ, Judge of the Juvenile Court, St. Louis County, Missouri, Respondent.**

**No. 52121.**

Missouri Court of Appeals, Eastern District, Division Six.

Oct. 21, 1986.

David A. Shaller, Clayton, for plaintiff/relator K.D.

Wm. L. Webster, Atty. Gen., Wm. E. Cornwell, Asst. Atty. Gen., Jefferson City.

Ellen L. Sternfield, Corinne L. Richardson, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

This cause comes before the court on Relator's Petition in Mandamus, which seeks our order to mandate respondent to issue a dispositional order for the placement or treatment of Relator who has been adjudicated an abused and neglected child pursuant to § 211.031.1(1), RSMo 1978, as amended in 1983.[1] We issued a Preliminary Order in Mandamus and hereby make it absolute.

In the Second Regular Session of the 83rd General Assembly, the legislature passed "House Committee Substitute for House Bill No. 1502." This bill repealed "section (sic) 207.020 and 211.181, RSMo Supp.1984, custody and care of homeless, dependent or neglected children, and [enacted] two new sections relating to the same subject." The new statutes took effect August 13, 1986.

The Missouri Legislature has provided for the juvenile court in Chapter 211 of the Missouri Revised Statutes. The purpose of § 211.181 is to provide a range of alternative dispositions for juveniles who come within the juvenile court's jurisdiction pursuant to § 211.031.1, RSMo 1983. There are three subdivisions to subsection 1 of § 211.031. The first subdivision deals with abused and neglected children, the second subdivision deals with status offenders, and the third subdivision deals with juveniles who have broken the law.

Legislative history shows that all prior versions of § 211.181 have included alternative dispositional orders for all three cat-

---

1. All references herein are to RSMo 1978, unless otherwise identified by date.

egories of juveniles. The 1986 version of § 211.181, however, contains no provision for the disposition of abused and neglected children. The consequence is that abused and neglected children must remain in the temporary custody of the Division of Family Services and cannot be placed in permanent care or treatment facilities.

In the underlying action, the juvenile court found Relator to be a child in need of care and treatment under § 211.031.1(1), RSMo 1983. However, the juvenile court declined to issue a dispositional order for Relator because it interprets the newly enacted § 211.181 as no longer granting it the authority to enter dispositional orders for abused and neglected children.

To resolve the issue before us, we first address the issue of whether the juvenile court has the authority to enter dispositional orders independent of § 211.181, RSMo 1986, since such orders are required under the rules of juvenile court procedure.

■ Article V, § 5 of the Missouri Constitution authorizes our supreme court to establish rules of practice and procedure. A rule may not alter substantive rights, but where a statute is inconsistent with a supreme court rule and the rule has not been annulled or amended by a later enactment of the legislature, the rule supersedes the statute. *State ex rel. Peabody Coal Co. v. Powell,* 574 S.W.2d 423, 426 (Mo. banc 1978); *State v. King,* 380 S.W.2d 370, 375 (Mo.1964), *cert. denied,* 379 U.S. 979, 85 S.Ct. 681, 13 L.Ed.2d 569 (1965).

Practice and procedure in the juvenile courts is governed by Supreme Court Rules 110 through 128. Rule 110.02 provides that the rules of juvenile court procedure supersede all statutes and existing court rules which are inconsistent therewith, pursuant to Art. V, § 5 of the Missouri Constitution. See *In Interest of D.J.B.,* 704 S.W.2d 217, 218 (Mo. banc 1986). In Rule 119, the step-by-step procedure for a juvenile court hearing is explained. Specifically, Rule 119.06(a) declares that the juvenile court's "judgment shall include the disposition or treatment of the juvenile."

■ Section 211.181, RSMo 1986 is inconsistent with Rule 119.06(a) because the statute fails to authorize the juvenile court to issue dispositional orders for abused and neglected children. Rule 119.06(a) supersedes the statute since § 211.181 is procedural rather than substantive in nature.[2] Section 211.181 provides the machinery for aiding and protecting defined legal rights: Once a determination is made that a juvenile comes within the ambit of § 211.031.-1(1), (2) or (3), then § 211.181 describes the court's alternatives in issuing its dispositional order.

Furthermore, Rule 119.06(a) supersedes the statute because it has not been legislatively annulled or amended. The legislature has the power to amend or annul a rule by the passage of a law which is limited to that purpose. Mo.Const., Art. V, § 5; *State ex rel. Helms v. Moore,* 694 S.W.2d 502, 504 (Mo.App.1985); *Redifer v. Redifer,* 650 S.W.2d 26, 27 (Mo.App.1983). There is no law extant which purports to amend or annul Rule 119.06(a). We hold, for the aforementioned reasons, that the St. Louis County Juvenile Court had authority under the rules of juvenile court procedure to provide a dispositional order for Relator.

■ The 1986 enactment of § 211.181 repealed the 1984 version of § 211.181. It did not repeal the 1985 statute dealing with § 211.181.[3] We reject the contention that

---

**2.** Substantive rights are those which create, destroy or modify anyone's primary rights. *Barker v. St. Louis County,* 340 Mo. 986, 104 S.W.2d 371, 377–78 (1937). Procedural law is distinguishable from substantive law in that it does not concern rights and duties which create causes of action, but rather describes the machinery with which an action is carried forward. *Roth v. Roth,* 571 S.W.2d 659, 672 (Mo. App.1978), quoting *Shepherd v. Consumers*

*Coop. Ass'n.,* 384 S.W.2d 635, 640 (Mo. banc 1964).

**3.** In 1985, Senate Bill 323 repealed § 211.181, RSMo Supp.1984 and replaced it with a 1985 version of § 211.181. Now, House Bill 1502 again repeals § 211.181, RSMo Supp.1984. We need not address the status and effect of a repealed law in our decision today. See gener-

the doctrine of repeal by implication should be imposed in this situation. Instead, we abide by the established rules of statutory construction which instruct that "where two acts are seemingly incompatible, they must, if feasible, be so construed that the later act will not operate as a repealer by implication, since if they are not irreconcilably inconsistent, both must stand." *Bartley v. Special School Dist. of St. Louis County,* 649 S.W.2d 864, 867 (Mo. banc 1983). There is no irreconcilable conflict or inconsistency unless one law "prohibits what the other permits or vice versa." *State ex. inf. Ashcroft ex rel. Bell v. City of Fulton,* 642 S.W.2d 617, 620 (Mo. banc 1982). Furthermore, repeal by implication is not favored. *State ex rel. McNary v. Stussie,* 518 S.W.2d 630, 635 (Mo. banc 1974).

In the situation before us, the 1985 statute includes dispositional alternatives for abused and neglected children whereas the 1986 law is silent as to this class of juveniles. The two statutes are not so inimical as to imply an intended repeal of the 1985 version. Consequently, both statutes must stand and are available authority for the juvenile court.

■ Finally, both the 1985 and 1986 versions of § 211.181 may be controlling without violating Article III, § 28 of the Missouri Constitution. Section 28 provides that "[n]o act shall be amended by providing that words be stricken out or inserted, but the words to be stricken out, or the words to be inserted, or the words to be stricken out and those inserted in lieu thereof, together with the act or section amended, shall be set forth in full as amended." This constitutional provision does not apply to the express repeal of a section and the enactment of new sections which are in lieu of the repealed section. *State v. Murlin,* 137 Mo. 297, 38 S.W. 923, 924 (1897).

The 1986 version of § 211.181 did not substitute one phrase for any other in the 1985 version, but was itself a unified whole. House Bill 1502 repealed the 1984 statute and enacted a new section in lieu thereof, and placed the full text of the bill before the legislature at the time of voting. *Boyd-Richardson Co. v. Leachman,* 615 S.W.2d 46, 53 (Mo. banc 1981). The present case is not the type of situation contemplated within the meaning of Article III, § 28. *Compare State ex rel. McNary v. Stussie,* 518 S.W.2d 630, 635 (Mo. banc 1974).

The order of the juvenile court is vacated and the Preliminary Writ of Mandamus is made absolute to mandate the juvenile court to issue a dispositional order for the juvenile.

CRANDALL and DOWD, JJ., concur.

ally *Harkey v. Mobley,* 552 S.W.2d 79, 81 (Mo.     App.1977).