**STATE of Missouri, ex rel., Victoria L. WALTERS, Relator,**

v.

**Honorable Jeff W. SCHAEPERKOETTER, Respondent.**

**State of Missouri, ex rel., Kenneth George Gan, Relator,**

v.

**Honorable Jeff W. Schaeperkoetter, Respondent.**

No. ED 77431.

Missouri Court of Appeals,
Eastern District,
Writ Division Five.

May 23, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 25, 2000.

Leneigha Downs, Union, for relators.

Prudence Fink Johnson, Union, for respondent.

## OPINION

PER CURIAM.

*Factual and Procedural Background*

Relators Victoria Walters and Kenneth Gan petitioned in separate and unrelated actions for dissolution of marriage in Franklin County. Walters filed her petition on January 11, 2000, and Gans filed his petition January 12, 2000. Franklin County is in the Twentieth Judicial Circuit which is comprised of two circuit judges and five associate circuit judges. Respondent, the Honorable Jeff W. Schaeperkoetter, is the presiding judge of the Twentieth Circuit. Respondent is also the administrative judge of the Family Courts of that Circuit, as defined by Section 487.010. By a local rule of the Twentieth Circuit, pretrial motions and other matters in the Family Courts are ruled on by the administrative judge. On January 27, 2000, Relators filed separate applications for change of Judge pursuant to Missouri Supreme Court Rule 51.05.[1] These motions

1. Rule 51.05 states in pertinent part as follows:

(a) A change of judge shall be ordered in any civil action upon the timely filing of a written application therefor by any party.... The application need not allege or prove any cause for such change of judge and need not be verified .... (b) The application must be filed within sixty days from service of process or thirty days from the

were denied for the stated reason that the trial judge had not yet been designated. On February 8, 2000, Relators filed separate petitions for Writs of Prohibition in this Court, seeking to prohibit further action by Respondent except to request the Supreme Court to transfer a judge. This Court consolidated the two petitions on its own motion.

The Twentieth Judicial Circuit has no local rule governing the procedure following an application for a change of judge. On February 25, 2000, Respondent recused himself on his own motion from the *Gan* case and assigned it to Division I of the Circuit Court. On that same day, Respondent also assigned the *Walters* case to Division I. On February 25, Respondent filed motions to dismiss in this Court, contending that because the cases had been assigned to another judge, the issues raised were moot. On March 1, 2000, we issued a preliminary order in prohibition pursuant to Rule 97.04. We now make our preliminary order absolute.

### Analysis

■ The Missouri Supreme Court held in *State ex rel. Horton v. House* that the right to disqualify is a keystone of our judicial system, and Missouri courts follow a liberal rule construing it.[2] That same Court ruled further in *State ex rel. Heistand v. McGuire* that a civil litigant has a virtually unfettered right to disqualify a judge without cause on one occasion.[3] The presentation of a timely application for

change of judge requires a prompt change of judge.[4]

■ Article 5, Section 15 of the Missouri Constitution provides that the presiding judge in each circuit "shall have general administrative authority over the court and its divisions." Respondent argues that the duties of the presiding judge prior to the designation of a trial judge are purely administrative, and a party has no right to disqualify the judge from carrying out those constitutionally mandated administrative duties.

The Southern District case of *State ex rel. Helms v. Moore* is instructive on this issue. In *Helms,* an application for change of judge and change of venue were filed in a case being heard by the presiding judge in a circuit with only two circuit judges. The presiding judge entered an order assigning the case to an associate circuit judge in violation of the predecessor to Rule 51.05.[5] The respondent in that case also argued that Article 5, Section 15 gave the judge the administrative authority to assign the case. The Southern District held that the administrative control granted by the constitution "must be exercised within the limitations of applicable Supreme Court Rules."[6]

In the present case, Respondent also argues that Article 5, Section 15 gives him the authority to make administrative decisions in cases prior to the assignment of a trial judge, despite an application for change of judge. Pursuant to *Helms* and the specific mandate of Rule 51.05, which

---

designation of the trial judge, whichever time is longer. If the designation of trial judge occurs less than thirty days before trial, the application must be filed prior to any appearance before the trial judge .... (e) The judge shall sustain a timely application for change of judge upon its presentation.... (2) If the presiding judge is disqualified in the case, a judge of the circuit shall be assigned in accordance with local court rules, so long as the local court rules do not permit the disqualified judge to make the assignment, or the presiding judge shall request this Court to transfer a judge.

**2.** *State ex rel. Horton v. House,* 646 S.W.2d 91, 93 (Mo. banc 1983).

**3.** *State ex rel. Heistand v. McGuire,* 701 S.W.2d 419, 420 (Mo. banc 1985).

**4.** Rule 51.05(b).

**5.** *State ex rel. Helms v. Moore,* 694 S.W.2d 502, 504 (Mo.App. S.D.1985).

**6.** *Id.*

directly treats an application for change of judge served on a presiding judge, we hold that the administrative control possessed by a presiding judge must be exercised within the limitations of Rule 51.05.

■ Respondent also argues that the motion for change of judge was premature because a trial judge had not been designated. In *Breazeale v. Kemna*, a litigant filed a motion for change of judge prior to the designation of the trial judge.[7] The Western District, examining an earlier version of Rule 51.05(b) held that while this Rule prevents a litigant from filing an application for change of judge *after* the time limits have expired; it does not prevent it *before* the designation of a trial judge.[8] Rule 51.05(b) provides:

> The application must be filed within sixty days from service of process or thirty days from the designation of the trial judge, whichever time is longer. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to any appearance before the trial judge.[9]

Here, the trial judge had not been designated, but the Rule contemplates that there may never be such a designation and that the presiding judge may retain jurisdiction over a cause for an extended period of time, even through final judgment. The application was not premature.

■ In *State ex rel. Cohen v. Riley*, the Missouri Supreme Court held that upon "the filing of a proper, timely application under the rule, the court has no jurisdiction to do anything other than to grant the application and transfer the cause."[10] Respondent's only option was to sustain the application for change of judge.

When the presiding judge is sought to be disqualified under Rule 51.05(b), in the absence of a valid local rule, the presiding judge must request the Missouri Supreme Court to transfer a judge. Supreme Court Rule 51.05(e)(2) provides:

> If the presiding judge is disqualified in the case, a judge of the circuit shall be assigned in accordance with local court rules, so long as the local court rules do not permit the disqualified judge to make the assignment, or the presiding judge shall request this Court to transfer a judge.

■ Because the 20th Judicial Circuit has no local rule addressing an application for change of judge served upon the presiding judge, Respondent had only one course of action. The Rule mandates that Respondent must, in the absence of a valid local rule, request the Missouri Supreme Court to transfer a judge.

■ Finally, Respondent claims the applications are moot because he recused himself from the *Gan* case and assigned it to another judge and assigned the *Walters* case to another judge. However, Respondent acknowledges that the assignments and the recusal occurred after he was served with the applications for change of judge. Nothing prohibits Respondent from recusing himself or assigning the cases prior to the filing of an application for change of judge. Conversely, *State ex rel. Cohen v. Riley* makes it clear that following the application, Respondent has no jurisdiction to do anything except grant the application.[11] Respondent's motions to dismiss for mootness are denied.

The preliminary writ is made absolute, and Respondent is prohibited from taking

---

7. *Breazeale v. Kemna*, 854 S.W.2d 631, 633 (Mo.App. W.D.1993).

8. *Id.*

9. In the *Breazeale* case, the Western District construed a prior version of Rule 51.05(b), but its analysis still holds. The prior rule sets out a number of scenarios which could trig-

ger the time limitation at different points in the litigation. *Id.* The new version eliminates those scenarios.

10. *State ex rel. Cohen v. Riley*, 994 S.W.2d 546, 547 (Mo. banc 1999).

11. *Id.*

any action other than to request the Missouri Supreme Court to transfer a judge.