**STATE of Missouri ex rel. Carol ECKELKAMP, et al., Relators,**

v.

**The Honorable David C. MASON, Respondent.**

No. ED 94859.

Missouri Court of Appeals,
Eastern District,
Writ Division Five.

June 22, 2010.

Ronnie L. White and Thoms E. Schwartz, Saint Louis, MO, for Plaintiff, Denise Heimann.

Stephen H. Ringkamp and Theresa A. Appelbaum, Saint Louis, MO, for Plaintiff/Relators, Carol Eckelkamp, Conservator of the Estates of Mitchell Heimann and Melanie Heimann, minors, and Louis and Mary Heimann.

David C. Mason, Saint Louis, MO, Respondent.

Thomas E. Jones and Harlan A. Harla, Belleville, IL, for Defendant, Burlington Northern Santa Fe Railway.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

Relators, Louis Heimann, Mary Heimann, and Carol Eckelkamp as Conservator of the Estates of Mitchell and Melanie Heimann, seek a writ of prohibition, or alternatively, a writ of mandamus, disqualifying Respondent, the Honorable David C. Mason, from proceeding as trial judge on remand after appeal. We grant the writ of prohibition.

### I. BACKGROUND

Plaintiffs ("Relators") filed a wrongful death action against Burlington Northern Santa Fe Railway Company. At the conclusion of trial, Judge Mason entered judgment upon a jury verdict apportioning 90 percent fault to the decedent and 10 percent fault to the railroad. Relators appealed. On appeal, this Court reversed and remanded the case for a new trial because Judge Mason allowed a statute setting out a motorist's duty when approaching a railroad grade crossing to be displayed to the jury. *Eckelkamp v. Burlington Northern Santa Fe Railway Co.,* 298 S.W.3d 546 (Mo.App. E.D.2009).

The matter was remanded to the Circuit Court of the City of St. Louis, Division 1. Thereafter, the Presiding Judge, the Honorable David L. Dowd, issued an order placing the cause on the docket with a trial setting of May 17, 2010. Then, on April 22, 2010, the Presiding Judge entered an order assigning this matter to Judge Mason for trial.

On April 28, 2010, Relators filed an application for change of judge pursuant to Rule 51.05.[1] During a hearing on Relators' application, Judge Mason stated: "I can tell you now that there was never any intent, policy, plan, [or] motive of the Presiding Judge at any time to put this case in a random assignment mode. You can ask [the Presiding Judge] to put it on the record on that [sic], if you wish." Following the hearing, Judge Mason entered an order denying Relators' application for change of judge. Judge Mason found that because he was the original trial judge for the cause there was no legal basis for "reinstating" Relators' right to automatic change of judge under Rule 51.05, and therefore Relators' application for change of judge was not timely under Rule 51.05.

In accordance with Judge Mason's suggestion at the hearing on Relators' application for change of judge, Relators filed a motion for clarification with the Presiding Judge. The Presiding Judge then clarified on the record the procedure by which he assigned the case to Judge Mason following remand: "... [T]here's no question that it was a random assignment to Judge Mason.... So with due respect to Judge Mason ... he's just incorrect."[2] Relators then filed a motion for reconsideration of their application for change of judge with Judge Mason, which he denied despite the Presiding Judge's clarification. Subse-quently, Relators filed a petition for writ of prohibition and/or mandamus with this Court. We previously issued a preliminary order in prohibition.

## II. DISCUSSION

 The issue in this case is whether Relators' application for change of judge was timely filed. In denying Relators' application for change of judge, Judge Mason reasoned that because he was the original trial judge for the cause there was no legal basis for "reinstating" Relators' right to automatic change of judge under Rule 51.05. We disagree in light of the unique circumstances of this case.

 Rule 51.05 provides in pertinent part:

(a) A change of judge shall be ordered in any civil action upon the timely filing of a written application therefor by a party. For purposes of this Rule 51, motions to modify child custody, child support, or spousal maintenance filed pursuant to chapter 452, RSMo, are not an independent civil action unless the judge designated to rule on the motion is not the same judge that ruled on the previous independent civil action. The application need not allege or prove any cause for such change of judge and need not be verified.

(b) The application must be filed within 60 days from service of process or 30 days from the designation of the trial judge, whichever time is longer. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to any appearance before the trial judge.

This Court has recognized that "the right to disqualify is a keystone of our judicial system, and Missouri courts follow a lib-

---

1. All references to Rules are to Missouri Supreme Court Rules (2010).

2. The Presiding Judge's clarification is more fully set out below in Section II.

eral rule construing it." *State ex rel. Walters v. Schaeperkoetter*, 22 S.W.3d 740, 742 (Mo.App. E.D.2000). When an application for change of judge is timely filed under Rule 51.05, "the court has no jurisdiction to do anything other than to grant the application and transfer the cause." *Id.* at 743 (internal quotations omitted.) Accordingly, a writ of prohibition is appropriate where a judge has improperly denied a timely filed motion for change of judge. *See id.* at 741–44.

We find determinative the fact that the Circuit Court of the City of St. Louis has adopted a central docketing system for the assignment of cases. This system is unique, in that when a case is remanded from this Court for a new trial, it is treated as a "new filing." At the hearing on Relators' motion for clarification, the Presiding Judge explained to the parties that because the circuit court treated this cause as a new filing upon remand, Local Rule 6.2.1 [3] governed the reassignment of the case for the new trial. On the record, the Presiding Judge explained "[i]t was purely random" that the case was assigned to Judge Mason upon remand:

> The way the ... docketing system works in the Twenty–Second Circuit, upon a remand from the Court of Appeals ... there's no specificity that it's remanded to Judge Mason in Division 17. ... *[H]istorically, remands don't go back to the same [j]udge. ... [T]here's no question that it was a random assignment to Judge Mason.* ... [I]f you look at the Local Rules ... we would treat this as almost a new file. I think it's actually given a new case number. ... Under Local Rule 6.2.1, "after

filing, the clerk shall assign each case triable by a jury to Division 1." That's what happened to this case. ... So with due respect to Judge Mason when he says that this case was sent back to him by the Court of Appeals, ... he's just incorrect.

(emphasis added.)

Thus, it is clear from the record that the Presiding Judge's designation of Judge Mason as trial judge on remand constituted a new designation under Rule 51.05. Accordingly, under the central docketing system in place in the Circuit Court for the City of St. Louis, the designation of Judge Mason as the new trial judge on remand started the running of the time for filing the application for change of judge under Rule 51.05. Because Relators' application was filed within 30 days from the new designation of trial judge, their application was timely under Rule 51.05, and therefore they were entitled to an automatic change of judge.

### III. CONCLUSION

Our preliminary writ is made permanent. Judge Mason is hereby prohibited from taking any action other than granting the application for change for judge and transferring the case pursuant to Rule 51.05(e).[4]

KENNETH M. ROMINES and NANNETTE A. BAKER, JJ., concur.

---

**3.** Pursuant to Local Rule 6.2.1 (2010) of the 22nd Judicial Circuit, "After filing, the clerk shall assign each case triable by a jury to Division 1. Thereafter, the presiding judge shall place each such case on the Division 1

trial calendar and assign such cases to general divisions for trial when appropriate."

**4.** Rule 51.05(e) requires a judge to sustain a timely application for change of judge and,

upon doing so: "The disqualified judge shall
transfer the case to a judge stipulated to by
the parties if the new judge agrees to take the
case. If the case is not so transferred, the
disqualified judge shall notify the presiding
judge."