Keshav S. JOSHI, M.D., Appellant,

v.

Jonathan RIES and Sandberg, Phoenix
& Von Gontard, P.C., Respondents.

No. ED 94289.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 16, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 28, 2010.

Application for Transfer
Denied March 1, 2011.

Naren Chaganti, Town & Country, MO, for appellant.

Gerard T. Noce, St. Louis, MO, for respondents.

PATRICIA L. COHEN, Judge.

### Introduction

Keshav S. Joshi, M.D. ("Plaintiff") appeals the judgment entered by the Circuit Court of St. Louis County in favor of defendants Jonathan Ries ("Ries") and Sandberg, Phoenix & von Gontard, P.C. ("SPvG") (collectively "Defendants"). In his first two points on appeal, Plaintiff claims that the Circuit Court of the City of St. Louis erred in denying Plaintiff's application for change of judge and granting Defendants' motion for transfer of venue to the Circuit Court of St. Louis County. In his third point on appeal, Plaintiff claims that the Circuit Court of St. Louis County erred in finding that his claims were barred by the statute of limitations and granting summary judgment for Defendants. We find that the Circuit Court of the City of St. Louis erred in denying the application for change of judge and lacked authority to proceed further other than to transfer the case. We reverse and remand with directions.[1]

### Factual and Procedural Background

On January 22, 1996, Plaintiff, an anesthesiologist, retained Defendants to represent him at a preliminary hearing regarding the summary suspension of his medical staff privileges at St. Luke's Hospital ("St. Luke's"). On February 7, 1996, Ries represented Plaintiff at the preliminary hearing before the St. Luke's Hospital Peer Review Panel. The peer review panel de-

cided to continue Plaintiff's suspension pending a full hearing. On February 26, 1996, Ries requested a full hearing review on Plaintiff's behalf.

In March 1996, St. Luke's notified Plaintiff that the full hearing was scheduled for May 31, 1996. On May 17, 1996, Plaintiff tendered his resignation to St. Luke's and Ries sent St. Luke's a letter stating that there was no longer a reason to proceed with the full hearing.

In April 1999, Plaintiff filed suit against St. Luke's, the chief of St. Luke's department of anesthesiology, and St. Luke's president and chief executive officer seeking damages and injunctive and declaratory relief.[2] Based on its finding that the St. Luke's defendants were entitled to immunity under the federal Health Care Quality and Improvement Act of 1986, the Circuit Court of St. Louis County granted summary judgment in favor of the St. Luke's defendants. This court affirmed. *Joshi v. St. Luke's Episcopal–Presbyterian Hosp.*, 142 S.W.3d 862 (Mo.App. E.D.2004), *cert. denied* 544 U.S. 922, 125 S.Ct. 1646, 161 L.Ed.2d 479 (2005).

On July 13, 2005, approximately nine years after the February 1996 staff privileges hearing at which Defendants represented Plaintiff, Plaintiff filed a legal malpractice action against Defendants in the Circuit Court of the City of St. Louis. Plaintiff's amended petition alleged fraudulent concealment, breach of the duty of loyalty, breach of the duty against self-dealing, negligence, negligent misrepresentation, and violation of the Missouri Merchandising Practices Act. On June 16, 2008, following numerous discovery dis-

---

1. Respondents' motion to dismiss Plaintiff's appeal or, in the alternative, to strike Plaintiff's legal file, which was taken with the case, is denied.

2. Defendants Ries and SPvG did not represent Plaintiff in his subsequent action against the St. Luke's defendants.

putes, Judge David Dowd dismissed Plaintiff's action without prejudice. Plaintiff re-filed his petition in the Circuit Court of the City of St. Louis on September 4, 2008.

On September 8, 2008, Plaintiff filed an application for change of judge under Missouri Supreme Court Rule 51.05 requesting "a change of judge from Judge Honorable David L. Dowd to another judge in the instant matter."[3] Plaintiff did not mail Defendants a copy of the application for change of judge. On September 12, 2008, Defendants filed a motion to transfer venue, arguing that venue was only proper in St. Louis County because Plaintiff's claimed injuries occurred at St. Luke's in St. Louis County. On October 7, 2008, Plaintiff re-filed the same application for a change of judge and mailed a copy to Defendants. On November 3, 2008, Judge Dowd heard arguments on Plaintiff's application for change of judge and Defendants' motion to transfer venue. Judge Dowd denied Plaintiff's application for change of judge and transferred the case to the Circuit Court of St. Louis County.[4]

On September 16, 2009, Defendants filed a motion for summary judgment on the grounds that "the five-year statute of limitations contained in RSMo § 516.120 bars [P]laintiff's claims." In their statement of uncontroverted material facts, Defendants alleged, *inter alia:* Plaintiff's allegations of negligence relating to Defendants' representation of Plaintiff during the staff privileges proceedings took place in 1996; in April 1999, Plaintiff retained separate counsel not from SPvG to pursue his claims against St. Luke's; Defendants

showed their client files to Plaintiff's subsequent counsel; and, apart from the instant litigation, Defendants have had no contact with Plaintiff since 1997. Defendants argued that Missouri's five-year statute of limitation barred Plaintiff's claim because Plaintiff did not file his legal malpractice action until July 13, 2005, even though the alleged damages caused by Defendants' representation of Plaintiff at the staff privileges hearing "were sustained and capable of ascertainment in 1996."

Plaintiff failed to timely respond to Defendants' motion for summary judgment as required by Rule 74.04(c)(2). On November 23, 2009, the trial court heard arguments on Defendants' motion for summary judgment and Plaintiff filed a hand-written motion for leave to file an out-of-time response to Defendants' motion for summary judgment.[5] On December 16, 2009, the trial court heard arguments on Plaintiff's request for leave to respond to Defendants' motion for summary judgment. In its order and judgment of December 21, 2009, the trial court denied Plaintiff's motion to file a response out of time and, pursuant to Rule 74.04(c)(2), deemed admitted all assertions set forth in Defendants' statement of uncontroverted facts. The trial court proceeded to find that there were no genuine issues of material fact and that Defendants were entitled to judgment as a matter of law, and therefore granted summary judgment for Defendants.[6] Plaintiff appeals.

### Standard of Review

 "Missouri Supreme Court rules are to be interpreted in the same fashion

---

3. All references to the rules of civil procedure are to Missouri Supreme Court Rules (2010), unless otherwise indicated.

4. Plaintiff filed a petition for writ of mandamus and/or prohibition, which this Court denied.

5. Plaintiff filed his memorandum in opposition to summary judgment and supporting affidavit on November 30, 2009.

6. On February 4, 2010 the trial court denied Plaintiff's motion to reconsider its summary judgment ruling of December 21, 2009.

as statutes." *Dynamic Computer Solutions, Inc. v. Midwest Mktg. Ins. Agency, L.L.C.,* 91 S.W.3d 708, 713 (Mo.App. W.D. 2002). Statutory interpretation is a question of law, which we review *de novo. Lindquist v. Mid–Am. Orthopaedic Surgery, Inc.,* 269 S.W.3d 508, 510 (Mo.App. E.D.2008).

### Discussion

■■■ In his first point on appeal, Plaintiff argues that the Circuit Court of the City of St. Louis erred in denying his application for a change of judge prior to transferring venue to the Circuit Court of St. Louis County. We agree. In light of our holding on Plaintiff's first point on appeal, we do not address Plaintiff's second and third points.[7]

Rule 51.05 provides for an automatic change of judge upon a litigant's timely request.[8] Mo. Sup. Court Rule 51.05; *Cover v. Robinson,* 224 S.W.3d 36, 38 (Mo. App. W.D.2007). This "virtually unfettered right to disqualify a judge without cause on one occasion" is a "keystone of our judicial system, and Missouri courts

follow a liberal rule construing it." *State ex rel. Walters v. Schaeperkoetter,* 22 S.W.3d 740, 742 (Mo.App. E.D.2000); *see also State ex rel. Stubblefield v. Bader,* 66 S.W.3d 741, 742 (Mo. banc 2002). "The filing of a timely application for change of judge deprives the court of further authority to do anything in the case other than grant the application."[9] *State ex rel. Manion v. Elliott,* 305 S.W.3d 462, 463 (Mo. banc 2010); *see also State ex rel. Cohen v. Riley,* 994 S.W.2d 546, 547 (Mo. banc 1999).

Generally, "a party can seek disqualification of a presiding judge or the judge handling administrative control of a case under the rules." *State v. Rulo,* 173 S.W.3d 649, 652 (Mo.App. E.D.2005) (holding that the judge handling a defendant's arraignment proceedings and pretrial motions had a duty to sustain the defendant's motion for change of judge under Rule 32.07). In *Schaeperkoetter,* we held that "the administrative control possessed by a presiding judge must be exercised within the limitations of Rule 51.05."[10] *Schaeper-*

---

7. In his third point on appeal, Plaintiff claims that the Circuit Court of St. Louis County erred in granting summary judgment for Defendants on the grounds that Plaintiff's claims were barred by the statute of limitations. In response, Defendants contend that summary judgment should be affirmed because Plaintiff's claims were time-barred by the five-year statute of limitations contained in Section 516.120(4). Mo.Rev.Stat. § 516.210(4). We do not reach the propriety of summary judgment because the filing of a timely application for change of judge deprived the Circuit Court of the City of St. Louis of authority to take any action other than to grant the application. *State ex rel. Manion v. Elliott,* 305 S.W.3d 462, 463 (Mo. banc 2010).

8. Rule 51.05 provides in pertinent part:
 (a) A change of judge shall be ordered in any civil action upon the timely filing of a written application therefor by a party....The application need not allege or prove any cause for such change of judge

and need not be verified .....(e) The judge promptly shall sustain a timely application for change of judge upon its presentation. Mo. Sup. Court Rule 51.05.

9. Defendants do not challenge the timeliness of Plaintiff's application for change of judge or the sufficiency of the notice. However, we note that this court has held that failure to satisfy the notice requirements of Rule 51.05 is not fatal to an application for change of judge where the opponent had an opportunity to contest the application. *State ex rel Couch v. Stovall–Reid,* 144 S.W.3d 895, 898 (Mo. App. E.D.2004); *Atteberry v. Hannibal Regional Hosp.,* 926 S.W.2d 58, 61 (Mo.App. E.D. 1996).

10. Article 5, Section 15 of the Missouri Constitution provides that the presiding judge in each circuit "s hall have general administrative authority over the court and its divisions." Missouri Constitution, article V, § 15.3. Section 478.240.2 states:

*koetter,* 22 S.W.3d at 743. In that case, the relators, husband and wife parties to an action for dissolution of marriage in the Twentieth Judicial Circuit, filed separate applications for change of judge pursuant to Rule 51.05. *Id.* at 741. Judge Schaeperkoetter, who was the presiding judge of the Twentieth Circuit, denied the applications for the stated reason that the trial judge had not yet been designated. *Id.* at 742. On appeal, we rejected Judge Schaeperkoetter's argument "that the duties of the presiding judge prior to the designation of a trial judge are purely administrative" and found that nothing in Rule 51.05 precludes a litigant from filing an application for change of judge before the designation of a trial judge. *Id.* at 742, 743. We also noted that although a trial judge had not been designated, Rule 51.05 contemplates that there may never be such a designation, even through final judgment. *Id.* at 743.

■ In contrast, a circuit court judge is not subject to the limitations of Rule 51.05 where he or she lacks authority "to do anything in the case beyond ministerial or other authorized acts" and "is not permitted to exercise functions of a judicial character." *State ex rel. Stickelber v. Nixon,* 54 S.W.3d 219, 223 (Mo.App. W.D.2001) (holding that designation of a new trial

judge cannot occur upon application of either party while case is pending on appeal). In *Stickelber,* the Western District held that the circuit judge to whom a case was assigned while it was pending on appeal was serving a ministerial and not a judicial function. *Id* The court defined judicial functions as "those which entail the exercise of judgment and discretion whereas ministerial functions invoke no such discretion." *Id.* (quotation omitted).[11]

We find that Judge Dowd was not merely serving a ministerial function, but rather was exercising either administrative or judicial control such that, upon Plaintiff's timely request, his only option was to sustain the application for the change of judge. *See, e.g., Rulo,* 173 S.W.3d at 652. At the time of the November 3, 2008 hearing, Judge Dowd was the assistant presiding judge of the Twenty–Second Judicial Circuit and was assigned to Division 2, which was designated by local rule "Circuit, Civil Pre–Trial Motions"[12] 22nd Cir. Local R. 1 (2008). Regardless of whether we characterize Judge Dowd's acts as exercises of administrative or judicial authority, it is clear from the record that he was at the very least assigned to rule on at least one substantive pretrial motion that required the exercise of discretion. Plain-

---

Subject to the authority of the supreme court and the chief justice under article V of the constitution, the presiding judge of the circuit shall have general administrative authority over all judicial personnel and court officials in the circuit, including the authority to assign any judicial or court personnel anywhere in the circuit, and shall have the authority to assign judges to hear such cases or classes of cases as the presiding judge may designate, and to assign judges to divisions.
Mo.Rev.Stat. § 478.240.2.

11. *See also State ex rel. Cochran v. Andrews,* 799 S.W.2d 919, 924 (Mo.App. W.D.1990) (Shangler, J., dissenting) ("A duty is *ministerial* where the public officer or tribunal con-

fided with the power to act is required to perform upon a given state of facts in a prescribed manner in obedience to a course fixed by law, and leaves nothing to the exercise of discretion. A duty is *judicial* where the tribunal confided with the power to act must exercise discretion and judgment as to whether or how the act shall be done") (citations omitted).

12. Local Rule 33.1, which has since been repealed, provided: "All pre-trial motions in civil cases pending in general divisions shall be heard and determined in Division 1 or Division 2, as the Presiding Judge shall determine ...." 22nd Cir. Local R. 33.1 (2008).

tiff filed a timely motion for change of judge to have Judge Dowd disqualified from hearing any matters in his case. Consequently, Judge Dowd erred in failing to sustain the motion for change of judge.

 Defendants argue that Judge Dowd did not err in denying Plaintiff's application for change of judge because Judge Dowd was merely performing a ministerial function by transferring venue.[13] Rule 51.045(b) provides that, where a motion to transfer venue and a reply are properly filed, "the court may allow discovery on the issue of venue and shall determine the issue." Mo. Sup. Court Rule 51.045(b). Accordingly, when presented with Defendants' pre-trial motion challenging the propriety of venue in the Circuit Court of the City of St. Louis and Plaintiff's reply thereto, Judge Dowd was required to exercise judicial discretion in determining that issue. We therefore find that, for the purpose of Rule 51.05, Judge Dowd was not merely performing ministerial functions in the instant case. Point granted.

### Conclusion

The judgment is reversed and the cause is remanded with directions to the Circuit Court of St. Louis County to return the file to the Circuit Court of the City of St. Louis, which shall grant Plaintiff's application for change of judge.

GARY M. GAERTNER, P.J., and MARY K. HOFF, J., concur.

---

**13.** Defendants also argue that Judge Dowd did not err in denying Plaintiff's application for change of judge because Judge Dowd was neither the designated trial judge nor the presiding judge. We find the application of Rule 51.05 is based not upon the judge's title (e.g., trial judge, presiding judge, etc.), but rather upon the nature of the authority he or she exercises over a litigant's case. *See e.g., Rulo*, 173 S.W.3d at 652; *Schaeperkoetter*, 22 S.W.3d at 742–43.