

# In the Missouri Court of Appeals
## Eastern District
### WRIT DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI ex rel. HARRY M. STOCKMAN, | ) ) ) | No. ED103251 |
| Relator, | ) | Writ of Prohibition |
| vs. | ) ) | Circuit Court of the City of St. Louis Cause No. 1522-FC01127 |
| The Honorable THOMAS J. FRAWLEY, Judge of the Circuit Court of the City of St. Louis, 22nd Judicial Circuit, Division 22, | ) ) ) ) | Hon. Thomas J. Frawley |
| Respondent. | ) ) | Filed: September 15, 2015 |

Harry M. Stockman ("Relator") seeks a writ of prohibition or mandamus against the Honorable Thomas J. Frawley ("Respondent") for denying his application for change of judge under Rule 51.05. We entered a preliminary order of prohibition, and Respondent filed a timely answer and suggestions in opposition. We dispense with further briefing as permitted by Rule 84.24(j). We now make that preliminary order permanent, as modified below.

Relator and his wife filed cross-petitions for dissolution. Relator is a lawyer and represents himself. Both parties filed motions pendente lite ("PDL") to address certain temporary arrangements pending a final judgment. Relator sought temporary maintenance, and Wife sought exclusive possession of the marital home, a restraining order preventing Relator from spending the proceeds of a large settlement and attorney fees. Respondent was designated the trial judge, after recusal of the originally assigned judge, on June 10, 2015. On June 25th, the court held what the docket sheet refers to as a "counsel status hearing." There is no transcript of

this hearing, and the parties have slightly different versions of the hearing. Relator describes the hearing as a "conference" at which he withdrew his PDL motion and agreed to the relief Wife sought in hers. Respondent describes it as a "hearing" at which the parties argued the merits of their PDL motions, the judge responded to those argument and then—waiving testimony—the parties conferred and prepared the proposed "consent judgment" that was signed by the judge. Thus, it appears they both agree that no evidence was presented and that the court's order was a product of the parties' agreement on the issues. The order stated that Relator had withdrawn his motion for maintenance PDL, it directed Relator to provide Wife with documentation of his expenditures of the settlement proceeds and it ordered Relator to "make effort to obtain his own residence" by a certain date or the court would hear Wife's motion for exclusive possession.

Shortly thereafter, Relator filed an application for change of judge under Rule 51.05, but did not include a notice of hearing. The court *sua sponte* set the application for hearing a few days later. At the hearing, Respondent indicated that having appeared before him on the PDL motions, Relator's change of judge application was untimely. Respondent also indicated that having failed to file notice of hearing, Relator's application was properly denied. As discussed more fully below, neither of these articulated reasons justifies Respondent's denial of the change of judge request in this case.

The right to disqualify a judge is a keystone of our judicial system, and Missouri courts follow a liberal rule construing it. State ex rel. Walters v. Schaeperkoetter, 22 S.W.3d 740, 742 (Mo. App. E.D. 2000). A civil litigant has a "virtually unfettered right to disqualify a judge without cause on one occasion." Id. Thus, the presentation of a timely application for change of judge under Rule 51.05 requires a prompt change of judge. Id.

2

First, the application in this case was timely. Rule 51.05(b) provides that the application "must be filed within 60 days from service of process or 30 days from the designation of the trial judge, whichever time is longer." It goes on to say that "[i]f the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to any appearance before the trial judge." Rule 51.05(b). Thus, because Respondent was designated just fifteen days before the hearing at which the parties addressed their PDL motion, if that hearing constituted a "trial" under this rule, then having appeared at it precluded Relator from seeking a change of judge thereafter.

A "trial" within the meaning of Rule 51.05(b) means a full trial on the merits. <u>State ex rel. Cohen v. Riley</u>, 994 S.W.2d 546, 548 (Mo. banc 1999)[1] (citing State ex rel. City of Berkeley v. Clifford, 976 S.W.2d 569, 571 (Mo. App. E.D. 1998) and Reproductive Health Services, Inc. v. Lee, 660 S.W.2d 330, 342 (Mo. App. E.D. 1983)). Thus, even where evidence is taken at a hearing, there has not necessarily been a "trial on the merits" unless substantive—not merely preliminary—issues are ruled upon. <u>See</u> <u>Riley</u>, 994 S.W.2d at 548-49 (preliminary injunction hearing where evidence taken was not a "trial on the merits" for purpose of rule); <u>see</u> <u>also</u> <u>State ex rel. Kramer v. Walker</u>, 926 S.W.2d 72, 74 (Mo. App. W.D. 1996) (hearing on PDL motion where evidence taken on issue of temporary custody did not make subsequent change of judge motion on underlying modification proceeding untimely; judge had no discretion but to grant timely request for change of judge filed after ruling on pre-trial PDL motion). Likewise, where the matter before the court is not contested and the court settles no issue in dispute, "its order cannot be considered a substantive trial on the merits." <u>State ex rel. Welch v. Scott</u>, 58 S.W.3d 690, 692 (Mo. App. W.D. 2001) (relying on Riley, *supra*). Similarly, when judgment on an issue

---

[1] Contrary to Respondent's stated belief at the change of judge hearing, none of the amendments to Rule 51.05 since <u>Riley</u> call its holding on this point into question.

is reserved, on the belief that further litigation would be necessary to resolve that issue, there has been no "trial" for purposes of Rule 51.05(b). Id.

Here, as in Riley and Scott, the conference and resulting order in this case does not resemble a "trial" within the meaning of Rule 51.05(b). There was no evidence taken at this hearing on the parties' PDL motions, and all of the issues were all settled by consent of the parties, not resolved by Respondent. That is, regardless of what Respondent's response to the parties' arguments prior to their agreement might have been, they entered a consent order rather than submitting testimony and asking Respondent to make a ruling. Moreover, contrary to Respondent's claim, the court did not actually dispose of any of the substantive issues of maintenance and the distribution of marital property raised in the PDL motions. Wife sought a restraining order preventing Relator from spending the settlement proceeds, but the order merely directed Relator to account for his expenditures of those proceeds; it did not grant the restraining order or distribute that property. As to Wife's motion for exclusive possession of the marital home, the order merely directed Relator to try moving out by a certain date. The court reserved ruling on Wife's motion—and set a hearing thereon—in the event Relator had not moved by the appointed date. And, of course, Relator withdrew his PDL motion for maintenance, so there was no ruling on that motion at all. Because this was not a trial on the merits, Relator was permitted to file his application for change of judge thereafter.

Respondent contends that to allow the change of judge at this point in the litigation encourages litigants to play "peek and run," resulting in unnecessary burden on the judicial administration and improper forum-shopping. Our courts share this concern, but have repeatedly recognized the "important countervailing interest in the liberal allowance of one change of judge as of right." Riley, 994 S.W.2d at 549.

4

Second, Relator's failure to comply with Rule 51.05(c) is not fatal to his application. That provision requires the filing party to also serve "notice of the time when it will be presented to the court." The purpose of this requirement is to allow the opposing party the opportunity to contest the application. When the application is otherwise timely filed and timely served upon the opposing party and a hearing is held at which the opposing party had an opportunity to contest the application, the lack of notice is not a sufficient basis to deny the application. State ex rel. Director of Revenue, State of Mo. v. Scott, 919 S.W.2d 246, 248 (Mo. banc 1996). "Such a thin procedural argument alone cannot defeat such a significant right." Id. Here, the court set the matter for hearing on its own within days of Relator filing his application. The opposing party was present at that hearing, had the opportunity to and did express her opposition to the application.

There being no basis to justify the denial of Relator's application for change of judge, Respondent was required to grant it promptly. A writ of prohibition is appropriate where a judge has improperly denied a timely filed motion for change of judge. State ex rel. Eckelkamp v. Mason, 314 S.W.3d 393, 396 (Mo. App. E.D. 2010).

The preliminary order of prohibition is modified as follows and made permanent: Respondent is ordered to refrain from all action in the premises, except to sustain Relator's timely application for change of judge.

ROBERT G. DOWD, JR., Presiding Judge
Writ Division Three

Angela T. Quigless, J., and
Gary M. Gaertner, Jr., J., concur.

5