

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) ) | No. ED107853 |
| Respondent, | ) ) | Appeal from the Circuit Court of the City of St. Louis |
| vs. | ) ) | 1822-CC00875 |
| WILMA PENNINGTON-THURMAN, | ) ) | Honorable Joan L. Moriarty |
| Appellant. | ) ) | Filed: April 14, 2020 |

### OPINION

As the six-year battle for ownership and control over Appellant's former home seemed to be nearing its final judicial resolution, the pesky but persistent Missouri Supreme Court Rules have thrown a wrench in the works. The trial court was poised to grant Federal Home's petition to strike the purported mortgage lien Appellant had unilaterally placed on her former home when Appellant filed her timely Rule 51.05 application for change of judge. Instead of automatically granting the change as required by the rule, the trial court treated the application as a motion to disqualify the court for cause, denied it, and then heard the case and issued its judgment striking Appellant's lien, quieting Federal Home's title to the property, and permanently enjoining Appellant from taking any further action with respect to the property. We reverse and remand with directions.

**Background**

This dispute, triggered in 2014 when Appellant defaulted on her home mortgage, has spawned multiple lawsuits and appeals in multiple jurisdictions most of which ending in defeat for Appellant.

Appellant owned a home at 8722 Partridge Avenue in the City of St. Louis. She defaulted on her Bank of America mortgage loan that was secured by a deed of trust on the property. After Bank of America foreclosed, Federal Home obtained ownership of the property through a foreclosure sale on November 13, 2014. Federal Home recorded its deed with the City of St. Louis's recorder of deeds' office on December 4, 2014. Appellant continued to occupy the property.

In January 2015, Federal Home sued Appellant in unlawful detainer. Appellant removed the case to federal court. After remand, Federal Home obtained a judgment for restitution in November 2016 in the Circuit Court of the City of St. Louis. Appellant appealed, and this Court dismissed that appeal all while Appellant remained in occupancy. On March 9, 2017, Federal Home commenced eviction proceedings and on August 10, 2017, Appellant was evicted.

Not to be deterred, on March 15, 2017, Appellant crafted a deed of trust transaction among the following "parties": (1) Grantor/Borrower – Wilma Marie Pennington Inc; (2) Grantee/Lender – Wilma Marie Pennington; and (3) Trustee – Wilma Marie Pennington-Thurman. The document pretended to secure a note executed by Borrower Wilma Marie Pennington Inc payable to Lender Wilma Marie Pennington in the amount of $81,868 which happened to be the original amount of Appellant's loan from Bank of America back in 2001. Appellant recorded that deed of trust as a lien against the property in the recorder of deeds' office for the City of St. Louis.

2

Federal Home responded by filing the present suit to strike this purported lien as nonconsensual and invalid under § 428.120[1] and § 428.135, to quiet its title to the property, and to permanently enjoin Appellant from bringing any actions in the future related to her alleged interest in the property.

After several failed attempts to personally serve Appellant with the lawsuit, Appellant was served by publication under Rule 54.12 on August 22, 2018. The next day, Appellant filed her notice of removal to federal court. Approximately six months later, on February 14, 2019, the case returned to state court after Federal Home's motion to remand was granted.

On March 18, 2019, Judge Moriarty re-issued, pursuant to § 428.120, her order to Appellant to show cause why the lien she purported to place on the property should not be declared void and scheduled the matter for hearing on April 8, 2019. On April 1, 2019, Appellant filed her application for change of judge. Then, during the April 8, 2019 hearing on the order to show cause, the court took up Appellant's change of judge application. The court asked Appellant to state the basis for her application and after Appellant explained she believed the court may be biased against her based on previous rulings involving the subject property, the court denied the application and proceeded to the merits of Federal Home's petition.

On April 8, 2019, the court issued its amended judgment in favor of Federal Home striking Appellant's lien, quieting Federal Home's title to the property, and permanently enjoining Appellant from taking any further action with respect to the property.

### Standard of Review

Like statutes, we review *de novo* the trial court's interpretation and application of the Missouri Supreme Court Rules. *Joshi v. Ries*, 330 S.W.3d 512, 514-15 (Mo.App.E.D. 2010).

---

[1] All statutory references are to RSMo 2000 unless otherwise indicated.

**Discussion**

Because we find that Appellant's application for change of judge was timely, the trial court should have automatically granted the application and taken no further action on the case. Rule 51.05 grants a party the absolute right to disqualify a judge once without cause or any showing of prejudice. *Matter of Buford*, 577 S.W.2d 809, 828 (Mo.banc 1979). The right to disqualify a judge has been held to be a keystone of the judicial system, and Missouri courts liberally construe the rule. *Muhm v. Myers*, 400 S.W.3d 846, 849 (Mo.App.E.D. 2013). Presentation of a timely-filed change of judge application requires the prompt change of judge. Rule 51.05(e); *Joshi*, 330 S.W.3d at 515 ("The filing of a timely application for change of judge deprives the court of further authority to do anything in the case other than grant the application.").

Moreover, this case's round trip to federal court did not deprive Appellant of her right to an automatic change of judge under Rule 51.05 nor render her application untimely. Rule 51.05(b) sets forth the deadlines for the timely filing of a motion for change of judge when the motion is not for cause. It requires filing "within 60 days from service of process or 30 days from the designation of the trial judge, whichever time is longer." Rule 51.05(b).

Although Appellant was served with process on August 22, 2019, which would make her application for change of judge due on October 21, 2019, that deadline became moot when the case was removed to federal court on August 23, 2019. So, we look to another rule, Rule 55.34, to determine when an application for change of judge is due in a case that has been removed then remanded back from federal court. Rule 55.34 provides in pertinent part: "If a case removed to federal court is remanded to a court of this state, the date of the remand order is deemed the date of service for determining when a pleading shall be filed or an action taken." So here, since the

remand order is dated February 14, 2019, that date is deemed to be the date of service giving Appellant 60 days from February 14, 2019 to file her Rule 51.05 application for automatic change of judge. And because Appellant filed her application on April 1, 2019, well within her 60-day deadline, her application was timely and should have been granted.

## Conclusion

Accordingly, the judgment is vacated and the cause is remanded with directions to grant Appellant's application for change of judge.

 

 

_____

James M. Dowd, Presiding Judge

Kurt S. Odenwald, J., and
Robin Ransom, J. concur.