STATE ex rel. Marguerite KNIPPING, et al., Relators,

v.

Honorable Philip J. SWEENEY, Judge, Circuit Court, St. Louis County, Respondent.

No. 75185.

Supreme Court of Missouri, En Banc.

March 23, 1993.

Mitchell A. Margo, Martin M. Green, St. Louis, for relators.

Christopher J. Doskocil, John L. Doskocil, Sunset Hills, for respondent.

ROBERTSON, Chief Justice.

This is an original action in prohibition. The underlying action is a will contest. Section 473.083.2 requires the appointment of a guardian *ad litem* for minor persons when "the filing of a contest may be to the interest of the minor." Relators claim respondent, Judge Philip J. Sweeney, exceeded his jurisdiction in discharging the guardian *ad litem* previously appointed in this case to represent the interests of certain minor defendants who are contingent beneficiaries under the decedent's trust. Our jurisdiction is founded on Article V, Section 4 of the constitution.

We hold that respondent did not exceed his jurisdiction. The preliminary order in prohibition previously issued is quashed.

## I.

Marguerite Crain died testate on December 12, 1989. Her estate plan included a simple pour over will directing payment of most of her probate assets to an existing inter-vivos trust. Ms. Crain's will was offered for probate on January 11, 1990. Relators, Ms. Crain's heirs at law, filed this will contest on June 27, 1990, naming among the defendants the minor contingent beneficiaries under the trust.

On October 17, 1990, Judge Sweeney sustained relators' motion for appointment of a guardian *ad litem*. No one opposed the motion. The will contest proceeded to trial but ended in a mistrial. Prior to the second trial, certain of the non-minor defendants moved to remove the guardian *ad litem*. The motion claimed that the guardian *ad litem* had taken a position contrary to the true interests of the minor defendants and that the interests of the minor defendants were fairly and adequately represented by the parties otherwise in the litigation. The trial court sustained the motion, discharged the guardian *ad litem*, and did not appoint a new guardian *ad litem*.

Relators filed this prohibition challenging Judge Sweeney's authority to discharge the guardian *ad litem*, positing that Section 473.083.2 imposes a mandatory duty in the court to appoint a guardian *ad litem* for these minors.

## II.

Section 473.083.2 provides:

Whenever it is shown or appears to and is found by the judge of the probate division that any person interested in the probate of a will is a minor or mentally incapacitated person, and that the filing of a contest may be to the interest of the minor or person, the court shall appoint a guardian ad litem for the minor or person, who shall file or join in the contest within the time fixed by subsection 1 of this section.

The statute establishes two conditions precedent to the appointment of the guardian *ad litem*. First, the probate judge must find (or be shown) that a minor is "interested in the probate of a will." Second, the court must find that the filing of a will contest "may be to the interest of the minor."

Under the statute, it is not merely the presence of the minor that triggers the appointment of a guardian *ad litem*. Instead, the court must appoint a guardian *ad litem* upon a judicial decision that a will contest may further the interests of the

**96**

minor. The opposite is true, as well. Where the court finds that the filing of a will contest may not be in the best interests of the minor, no guardian *ad litem* is required under the statute.

This is an original action in prohibition. Prohibition tests the authority of the court to act as it did. Relators ask this Court to hold as a matter of law that respondent had no authority to remove the guardian *ad litem* in this case. To reach this result, this Court must find that Section 473.083.2 requires the probate court to appoint a guardian *ad litem* whenever a minor is involved in the probate of a will. To read the statute in this way ignores the requirement that the probate court find "that the filing of a contest may be to the interest of the minor."

Where the language of the statute permits the probate court to decide the nature of the minor's interests, it necessarily admits to discretion in the court. The question before this Court is not whether the trial court properly decided the issue; appellate review serves that function. The question we face is limited to the trial court's authority to act. Under the statute, the trial court has jurisdiction to make a mistake. (Though we hasten to add that we do not decide the question whether respondent erred here).

Prohibition does not lie where the statute vests the trial court with discretion to decide whether the appointment of the guardian *ad litem* is appropriate. Nor do we recognize judicial economy as a basis for making our preliminary order in prohibition absolute. We remain bound to and by the probate code, which establishes the exclusive procedural mechanism for matters dealing with the probate of estates. Section 472.005, RSMo 1986.

### III.

The preliminary order in prohibition previously issued is quashed.

All concur.