Cynthia L. Martin, Judge
William Carter ("Carter") appeals from the judgment of the trial court denying his application for conditional release pursuant to section 552.040.10[1] as moot. Carter argues that the trial court erred because section 552.040 entitled him to a hearing and described factors the trial court was required to determine. We reverse and remand.
Factual and Procedural Background[2]
In January 2000, Carter was charged with forcible sodomy, kidnapping, burglary in the first degree, felonious restraint, and deviate sexual assault. Carter pleaded not guilty by reason of mental disease or defect ("NGRI") to these charges in January 2002. As a result, Carter was committed to the Department of Mental Health ("Department") in accordance with section 552.040. Forcible sodomy and kidnapping were both defined as a "dangerous felony" in section 556.061 at the time of Carter's offenses.
Carter's case was subsequently reviewed to determine whether he met the criteria of a sexually violent predator ("SVP") under the Sexually Violent Predator Act ("SVP Act"), sections 632.480 through 632.525. Following a trial on the matter, a *575 jury found that Carter was an SVP. Carter was ordered committed to the Department's custody pursuant to section 632.495 of the SVP Act. As a result, as the trial court found in its judgment giving rise to this appeal, Carter is "committed to the custody of the Department of Mental Health in a dual capacity" as a person who pleaded NGRI and as an SVP.
In June 2015, Carter filed an application for conditional release pursuant to section 552.040.10.[3] Carter thus sought relief from his commitment as a person who pleaded NGRI. Carter did not file an application seeking conditional release from his commitment as an SVP as permitted by section 632.498.3.
The trial court convened a conference call with counsel, and expressed concern that Carter's application for conditional release pursuant to section 552.040.10 was moot given Carter's dual commitment pursuant to the SVP Act. The parties submitted briefing on this issue. On June 29, 2017, the trial court entered judgment denying Carter's application for conditional release as moot. The trial court reasoned that any relief granted to Carter on his application for conditional release under section 552.040.10 would not afford him "any effectual relief" because Carter would remain civilly committed under the SVP Act. Accordingly, the trial court held that "as long as [Carter] remains a[n] SVP under civil commitment pursuant to [the SVP Act], any relief granted under Section 552 is moot." The trial court expressly noted in its judgment that no findings or conclusions were reached regarding the merits of Carter's application for conditional release.
Carter filed this timely appeal.
Standard of Review
"Our review of the denial of an application for conditional release from the custody of the [Department] is governed by Murphy v. Carron , 536 S.W.2d 30 (Mo. banc 1976)." Rawlings v. State , 22 S.W.3d 719, 723 (Mo. App. W.D. 1999). "We will reverse the trial court's decision only if there is no substantial evidence to support it, unless it erroneously declares or applies the law, or unless it is against the weight of the evidence." Id.
Analysis
Carter raises two points on appeal. In his first point, Carter argues that the trial court erred in denying his application for conditional release as moot because section 552.040 entitled him to a hearing. In his second point, Carter asserts that by denying his application as moot, the trial court failed to consider the factors set *576 forth in section 552.040.12. We address the points together as both challenge the trial court's denial of Carter's application as moot.
"A trial court properly dismisses a cause of action as moot 'when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.' " State ex rel. Mo. Coal. for the Env't v. Joint Comm. on Admin. Rules , 519 S.W.3d 805, 810 (Mo. banc 2017) (quoting C.C. Dillon Co. v. City of Eureka , 12 S.W.3d 322, 325 (Mo. banc 2000) ). The trial court concluded that Carter's application for conditional release was moot because regardless of Carter's entitlement to the requested relief, Carter would remain committed as an SVP. This was error. Though a favorable ruling on Carter's application would not have resulted in his contemporaneous release from the Department given his concurrent SVP commitment, it would nonetheless have afforded Carter effectual relief, as one of two concurrent bases for Carter's commitment would have been removed.
This conclusion is analogous to settled law in the criminal arena. A criminal defendant's challenge to a conviction and sentence of imprisonment is not moot because the defendant is concurrently or consecutively serving an unchallenged conviction and sentence. "[A]ffirmance of petitioner's conviction on two of the six counts carrying identical concurrent sentences does not moot the issues he raises pertaining to remaining counts...." Barnes v. United States , 412 U.S. 837, 848 n.16, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). "[T]he fact of concurrent sentences on two counts does not moot a challenge to one count...." United States v. Davis , 689 F.3d 179, 184 (2d Cir. 2012) (addressing a challenge to one life sentence despite the fact that a concurrent life sentence made it "doubtful that [defendant] would realize any practical benefit from a successful ... challenge"). In 1991, the Missouri Supreme Court expressly rejected the concurrent sentence doctrine, which had allowed Missouri courts to exercise "discretion to avoid review of criminal convictions" where a defendant challenged less than all convictions giving rise to concurrent sentencing. State v. Reynolds , 819 S.W.2d 322, 327 (Mo. banc 1991). As our Supreme Court explained, "[t]o deny review of [one] conviction ... because [a defendant] did not challenge [an additional conviction] on appeal, as the [concurrent sentence] doctrine allows, would be to subject [the defendant] to disabilities and legal consequences unique to that offense." Id. at 326.
The same is true with respect to civil commitments that arise out of criminal conduct or proceedings. Civil commitments pursuant to an NGRI plea and an SVP determination are each subject to statutory procedures for securing release. Conditional release from an NGRI commitment can be sought pursuant to section 552.040.10, and unconditional release can be sought from an NGRI commitment pursuant to section 552.040.5. Conditional release from an SVP commitment can be sought pursuant to section 632.498.3. In either case, the court entertaining the application is bound to consider statutory factors, subject to the standard and burden of proof specified by statute. To suggest, however, that a court can deem moot an application filed pursuant to one basis for civil commitment simply because the applicant is concurrently committed pursuant to the other basis for civil commitment is to deprive the committed person of any opportunity to secure release. A concurrently committed person must be able to start somewhere. Though Carter cannot be actually released from confinement given his concurrent SVP commitment, he is nonetheless entitled to a hearing and a *577 determination with respect to whether grounds supporting conditional release from his NGRI commitment have been established.[4]
This conclusion is not altered by Carter v. Blake , No. 4:04CV624 FRB, 2007 WL 757873 (E.D. Mo. Mar. 7, 2007), the federal district court case cited by the trial court to support its declaration of mootness. In Carter , the federal district court dismissed as moot Carter's petition for habeas corpus relief from his section 552.040 confinement. Id. at *3. The federal district court found Carter's petition moot for the same reason cited by the trial court-i.e. , that because Carter would remain civilly committed as an SVP, it was impossible "to grant him any effectual relief whatever." Id.
Missouri courts are "not bound by the decisions of the lower federal courts." Sun Aviation, Inc. v. L-3 Commc'ns Avionics Sys., Inc. , 533 S.W.3d 720, 724 n.4 (Mo. banc 2017). We find the federal district court's decision unpersuasive for the same reason we find the trial court's judgment unpersuasive. The effect of both decisions is to ignore that a judgment negating one of two bases for civil commitment has a practical effect, even though actual release from confinement must await a later judgment negating the second basis for civil confinement.[5]
Carter's application for conditional release pursuant to section 552.040.10 is not moot because of Carter's concurrent confinement as an SVP. A judgment on Carter's application for conditional release *578 pursuant to section 552.040.10 will have a practical effect on an existing controversy.[6] Points One and Two on appeal are granted.
Conclusion
The judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this Opinion.
All concur

All statutory references are to RSMo 2016 as supplemented unless otherwise indicated.

The relevant facts are undisputed, as the State adopted Carter's statement of facts.

Section 552.040.10 required this application to be filed "in the court that committed the person" because the felony for which responsibility was excluded by the NGRI defense was a dangerous felony as defined in section 556.061. Section 632.498.3 requires an application for conditional release from Carter's SVP commitment to be "served upon the court that committed the person." While these are the same circuit courts for Carter, this may not always be the case when a person is dually committed as a person who pleaded NGRI and as an SVP. See section 552.040.10 (stating that, generally, a person committed after an NGRI plea "may file an application [for conditional release] in the court having probate jurisdiction over the facility where the person is detained"). There is also no guarantee that applications for release from these dual commitments will be heard by the same judge even if they are pending in the same circuit court, as in this case, Carter received his two commitments from different judges.
Additionally, Carter's application is actually captioned as an "Application for Conditional Release and Unconditional Release or in the Alternative Placement in a Less Restrictive Facility." However, the assertions in his application focus exclusively on the relief permitted by section 552.040.10, addressing conditional release.

Section 552.040.12 provides in relevant part, that:
"At a hearing to determine if the committed person should be conditionally released, the court shall consider the following factors in addition to any other relevant evidence:
(1) The nature of the offense for which the committed person was committed;
(2) The person's behavior while confined in a mental health facility;
(3) The elapsed time between the hearing and the last reported unlawful or dangerous act;
(4) The nature of the person's proposed release plan;
(5) The presence or absence in the community of family or others willing to take responsibility to help the defendant adhere to the conditions of the release; and
(6) Whether the person has had previous conditional releases without incident."
Section 552.040.12(6) further provides that "[t]he burden of persuasion ... shall be on the party seeking release to prove by clear and convincing evidence that the person for whom release is sought is not likely to be dangerous to others while on conditional release." Correspondingly, section 552.040.14 provides that "[n]o committed person shall be conditionally released until it is determined that the committed person is not likely to be dangerous to others while on conditional release." Finally, section 552.040.20 provides that where the NGRI commitment follows an NGRI plea to a dangerous felony as defined in section 556.061 (as is the case here), neither conditional nor unconditional release is permitted unless, in addition to the aforesaid requirements, the court finds that the person "is not now and is not likely in the reasonable future to commit another violent crime against another person because of such person's mental illness," and "is aware of the nature of the violent crime committed against another person and presently possesses the capacity to appreciate the criminality of the violent crime against another person and the capacity to conform such person's conduct to the requirements of law in the future."

Carter argues that an order of conditional release would remain in place indefinitely, and could yield release once a right to conditional release from his SVP status is secured. The State expresses concern that permitting a conditional release order to remain in place indefinitely, without actual release, fails to account for changed circumstances that may negate Carter's statutory right to conditional release. Neither position is accurate. Section 552.040.17 provides a vehicle by which conditional release may be revoked, and is a remedy that can be pursued, if appropriate, while Carter awaits release.

We express no opinion on the merits of Carter's application for conditional release pursuant to section 552.040.10.