JEFFREY W. BATES, J.
Everett Jones (Jones) appeals from a judgment committing him to the custody of the Department of Mental Health (DMH) after a jury found that he was a sexually violent predator (SVP). See §§ 632.480-.525.[1] The fourth point in his brief contends the trial court erred by denying Jones' timely Rule 51.05 application for a change of judge. Finding merit in that point, we reverse the judgment and remand for further proceedings.
Factual and Procedural Background
On February 24, 2015, the Attorney General filed a § 632.486 petition in the Probate Division of the Circuit Court of Stone County, Missouri. The petition sought to have Jones committed to the custody of DMH on the ground that he was an SVP. The next day, the trial court made a probable cause finding and issued an order for detention and service, an order for body attachment, and an order to transport.
On March 23, 2015, Jones' attorney filed a written application for a change of judge pursuant to Rule 51.05. The application and supporting suggestions argued that, pursuant to § 472.141, the Chapter 632 *707 SVP proceeding involving Jones was an adversary civil proceeding to which Rule 51.05 applied.
Two days later, a hearing was held on the application. During the argument, the judge acknowledged that a Chapter 632 SVP proceeding was not a typical Probate Code proceeding. The judge and the parties also agreed that, if Rule 51.05 applied, Jones' application was timely. Ultimately, the trial court denied the application because: (1) Jones did not allege any grounds for a statutory change of judge pursuant to § 472.060 of the Probate Code; and (2) Rule 51.05 did not apply because the SVP petition was filed in the probate division of the circuit court. The case was tried in July 2016. After the adverse verdict and entry of the judgment thereon, Jones appealed.
Discussion and Decision
Although Jones asserts nine points of alleged error in his brief, the fourth point is dispositive of this appeal. Point 4 contends the trial court erred by denying Jones' timely Rule 51.05 application for change of judge. We agree.
The first ground upon which the trial court relied in denying the application was that Jones failed to allege any grounds for a change of judge pursuant to § 472.060.[2] Both the trial court and the State assumed that § 472.060 applies to a Chapter 632 SVP proceeding. That assumption is incorrect.
The Missouri Probate Code is contained in Chapters 472, 473, 474 and 475. See § 472.010(5); Estate of Wilson , 938 S.W.2d 607, 611 n.13 (Mo. App. 1997). Chapter 472 contains the general provisions of the Probate Code. The applicability of § 472.060 is limited because the provisions of Chapter 472 "apply to the estates of persons whose deaths occur on or after January 1, 1981." § 472.005.[3] Consistent with that limitation, Chapters 472, 473 and 474 contain substantive and procedural rules for the administration of decedents' estates. As our Supreme Court stated in State ex rel. Knipping v. Sweeney , 850 S.W.2d 94 (Mo. banc 1993), "[w]e remain bound to and by the probate code, which establishes the exclusive procedural mechanism for matters dealing with the probate of estates. Section 472.005, RSMo 1986." Id . at 96. That same inherent limitation is contained in § 472.020, which states that the probate division of the circuit court is authorized to "hear and determine all matters pertaining to probate business...." Id .; Hoewing v. Hoewing-Kurz , 28 S.W.3d 473, 475 (Mo. App. 2000) (noting that the probate division has authority over all of the enumerated probate matters listed in § 472.020). If an action is not a probate matter, it is not within *708 the scope of Chapter 472. See Graham v. Manche , 974 S.W.2d 580, 585 (Mo. App. 1998) (claim for tortious interference and civil conspiracy was not a probate matter as defined in § 472.020); State ex rel. Simanek v. Berry , 597 S.W.2d 718, 720 (Mo. App. 1980) (noting "serious doubts" about whether a Chapter 202 involuntary detention and treatment proceeding was an adversary probate proceeding because it did not fall within the definition of probate business in § 472.020).
The Chapter 632 SVP proceeding against Jones is a special statutory civil proceeding. See State v. Wade , 421 S.W.3d 429, 446 (Mo. banc 2013) ; Fogle v. Koster , 382 S.W.3d 139, 144 (Mo. App. 2012). It does not involve a decedent's estate, guardianship or conservatorship. See § 472.005 ; § 475.020. A Chapter 632 SVP proceeding does not fall within the scope of § 472.020 because it is not a matter pertaining to probate business. See id . Neither the substantive nor the procedural provisions of the Probate Code dealing with the administration of a decedent's estate are used to adjudicate a Chapter 632 SVP proceeding. Probate Code § 472.060 permits an application for change of judge on different grounds and in a different manner than the general Rule 51.05 change of judge rule for civil matters. See Estate of Downs v. Bugg , 348 S.W.3d 848, 854 (Mo. App. 2011). Therefore, the trial court erred by applying § 472.060 in this Chapter 632 SVP proceeding - the first ground upon which the trial court relied.
The second ground upon which the trial court relied in denying Jones' application for change of judge was that Rule 51.05 does not apply to a proceeding filed in the probate division. A Chapter 632 SVP proceeding must be filed "in the probate division of the circuit court in which the person was convicted, or committed pursuant to chapter 552 ...." § 632.486. The purpose of this statute is to prescribe the venue for a Chapter 632 SVP proceeding. Barlow v. State , 114 S.W.3d 328, 333 (Mo. App. 2003). The SVP law, §§ 632.480-.525, makes no other reference to the probate division, the Probate Code or any specific section within it.
The State argues that the trial court's ruling is supported by Rule 41.01(b). In relevant part, Rule 41.01 states:
(a) Rules 41 through 101 shall govern the following:
...
(2) Civil actions pending before a circuit judge except those actions governed by the probate code;
...
(b) Rules 41, 54.18, 55.03, 56, 57, 58, 59, 60, 61, 62, and 67.03 apply to proceedings in the probate division of the circuit court. The judge of the probate division may order that any or all of the other Rules 41 through 101 or specified subdivisions of the rules shall be applicable in a particular matter. Any such order shall specify the rules or subdivisions to be applied and a time for compliance with the order. The order shall be served upon all of the parties.
Id . (italics added). According to the State, Rule 51.05 does not apply to this Chapter 632 SVP proceeding because that rule was not included in the Rule 41.01(b) list or made applicable by order of the court. The implicit premise of the State's argument is that Rule 41.01(b) applies to all proceedings filed in the probate division. The State's facile argument, based upon that implicit premise, does not withstand closer scrutiny.
To understand the applicability of Rule 41.01(a)(2) and Rule 41.01(b), these two rules must be read together.
*709 In re Estate of Klauber , 59 S.W.3d 512, 513-14 (Mo. banc 2001). The purpose of Rule 41.01(a) and 41.01(b) is to identify which civil rules apply in probate proceedings governed by the Probate Code:
The probate code provides that probate proceedings are to be conducted according to the civil code and the rules of civil procedure, except where a specific provision of the probate code or another statute provides otherwise. This Court's rules of civil procedure - Supreme Court Rules 41 through 101 - generally exclude probate actions from their coverage. Rule 41.01(b), however, does make certain specified rules applicable to probate proceedings, and permits a probate judge to order that any or all of the remaining civil procedure rules shall be applicable in particular case.
Id . at 513 (footnotes omitted); see also Hall v. Podleski , 355 S.W.3d 570, 576 n.7 (Mo. App. 2011) (noting that Rule 41.01(b) "lists specific rules of civil procedure that do apply to actions governed by the probate code"); In re Estate of Conard , 272 S.W.3d 313, 317 (Mo. App. 2008) (recognizing that Rule 41.01(a) and (b) expressly apply to probate proceedings only those civil rules specifically mentioned in Rule 41.01(b) or made applicable by court order); State ex rel. Dep't of Soc. Servs. v. Selby , 245 S.W.3d 328, 329 (Mo. App. 2008) (recognizing that Rule 41.01(b) enumerates those civil rules that apply to probate proceedings). For the reasons already explained above, this Chapter 632 SVP proceeding is not a probate proceeding governed by the Probate Code. Therefore, the question of whether Rule 51.05 applies to an SVP proceeding is not determined by the language of Rule 41.01(b).
Jones contends, and we agree, that the answer to this question is found in § 472.141.3, which states: "[t]he civil code of Missouri and the rules of civil procedure shall govern all other actions or proceedings which may be heard by a judge of the probate division pursuant to assignment or otherwise, except as otherwise provided by law." Id . It has long been recognized that this subsection of § 472.141 "is regarded as referring to non-probate proceedings heard in the probate division. Hanna & Borron, 5 Mo. Prac., Probate Law and Practice, § 511 (2d ed. 1988)." In re Estate of Desterbecque , 800 S.W.2d 142, 146 (Mo. App. 1990), overruled on other grounds by In re Estate of Standley , 204 S.W.3d 745 (Mo. App. 2006).[4] One such non-probate proceeding heard in the probate division of the circuit court is an adversary civil proceeding. "Adversary civil proceedings are conventional civil actions which have been filed in or transferred to the probate division for trial." Borron, 5A Mo. Prac., Probate Law and Practice, § 512 (3d ed. 1999). Such a proceeding is governed by "[t]he civil code of Missouri and the rules of civil procedure[.]" § 472.141.3; see also Borron, 5A Mo. Prac., Probate Law and Practice, § 515 (3d ed. 1999) (listing a number of statutory actions filed or tried in the probate division of the circuit court that are governed by the civil code of Missouri and the rules of civil procedure, rather than the Probate Code).[5]
*710 The directive in § 472.141.3 that non-probate proceedings are governed by both the civil code of Missouri and the rules of civil procedure can be problematic when the civil code and the civil rules are in conflict. As we noted in Desterbecque , "[i]t is reasonable to conclude that in referring to the civil code in the statutes cited, it was the intent of the legislature that the conflicts be resolved by applying the civil code as superseded by the Rules. This court holds that § 472.141 and § 506.010 should be so construed." Desterbecque , 800 S.W.2d at 147.
That conflict presents itself here as well. The civil code of Missouri includes a statutory procedure for disqualifying a judge for cause. See State ex rel. Ferguson v. Corrigan , 959 S.W.2d 113, 115 (Mo. banc 1997) ; §§ 508.090-.140. Rule 51.05 permits a party to obtain a change of judge without any cause. Hough v. Hough , 819 S.W.2d 751, 752 (Mo. App. 1991). The statutory procedure therefore places a greater burden on the party moving for a change of judge. Elnicki v. Caracci , 255 S.W.3d 44, 48 (Mo. App. 2008). Because § 508.090 and Rule 51.05 are in conflict, the statute is superseded by the rule. Hough , 819 S.W.2d at 752 ; Desterbecque , 800 S.W.2d at 147. Therefore, Jones is correct that Rule 51.05 does apply to this Chapter 632 SVP proceeding.
Jones' application for change of judge was filed 27 days after the SVP proceeding was commenced, so it was timely. See Rule 51.05(b).
The right to disqualify a judge is a keystone of our judicial system, and Missouri courts follow a liberal rule construing it. State ex rel. Walters v. Schaeperkoetter, 22 S.W.3d 740, 742 (Mo. App. E.D. 2000). A civil litigant has a "virtually unfettered right to disqualify a judge without cause on one occasion." Id. Thus, the presentation of a timely application for change of judge under Rule 51.05 requires a prompt change of judge. Id.
State ex rel. Stockman v. Frawley , 470 S.W.3d 401, 404 (Mo. App. 2015). Accordingly, the trial court erred by denying the application for change of judge.
Jones' fourth point has merit and is granted. The judgment is reversed. The cause is remanded so Jones' application for change of judge can be sustained and further proceedings can be had, consistent with this opinion. See Cover v. Robinson , 224 S.W.3d 36, 38-39 (Mo. App. 2007) ; Elrod v. Stewart , 163 S.W.3d 587, 592 (Mo. App. 2005) ; Atteberry v. Hannibal Reg'l Hosp. , 926 S.W.2d 58, 61 (Mo. App. 1996).
NANCY STEFFEN RAHMEYER, C.J./P.J. - CONCUR
WILLIAM W. FRANCIS, JR., J. - CONCUR

All references to statutes are to RSMo (2016). All references to rules are to Missouri Court Rules (2018).

In relevant part, this statute states:
No judge of probate shall sit in a case in which the judge is interested, or in which the judge is biased or prejudiced against any interested party, or in which the judge has been counsel or a material witness, or when the judge is related to either party, or in the determination of any cause or proceeding in the administration and settlement of any estate of which the judge has been personal representative, conservator, or guardian, when any party in interest objects in writing, verified by affidavit; and when the objections are made, the cause shall be transferred to another judge, in accordance with the provisions of section 478.255, who shall hear and determine same....
§ 472.060.

This principle is reiterated in § 475.020. In relevant part, this statute states that "[t]he provisions of chapter 472, unless therein restricted to decedents' estates , apply to guardianships and conservatorships." Id . (italics added); see also Estate of Sturmfels v. Frederick , 261 S.W.3d 559, 563 (Mo. App. 2008).

A Chapter 632 SVP proceeding does not meet the definition of an adversary probate proceeding because it is not brought pursuant to any provision of Chapters 472, 473, 474 or 475. See § 472.140.2; § 472.141.1.

The State's argument that a Chapter 632 SVP proceeding is not subject to the civil rules, except those listed in Rule 41.01(b) or ordered to apply by the judge, is inconsistent with numerous reported appellate decisions applying other civil rules to SVP cases. See, e.g. , Matter of Care & Treatment of Braddy , 559 S.W.3d 905, 912, 2018 WL 4575151, at *5 (Mo. banc filed Sept. 25, 2018) (Rule 44.01, Rule 78.04 and Rule 78.07(a) ); Kirk v. State , 520 S.W.3d 443, 454 (Mo. banc 2017) (Rule 51.03); In re Care & Treatment of Norton , 123 S.W.3d 170, 172 (Mo. banc 2003), as modified (Jan. 27, 2004) (Rule 53.01); Underwood v. State , 519 S.W.3d 861, 874 (Mo. App. 2017) (Rule 73.01(b) ); Matter of Brown v. State , 519 S.W.3d 848, 859 (Mo. App. 2017) (Rule 78.07(a) ); In re Care & Treatment of Johnson , 161 S.W.3d 873, 879-81 (Mo. App. 2005) (Rule 55.33(b) and Rule 74.04); Care & Treatment of Scates v. State , 134 S.W.3d 738, 742 (Mo. App. 2004) (Rule 70.02(b) ); State ex rel. Nixon v. Kinder , 129 S.W.3d 5, 8 (Mo. App. 2003) (Rule 52.02); In re Care & Treatment of Spencer , 103 S.W.3d 407, 417 (Mo. App. 2003) (Rule 73.01(c) ).