IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT

 IN THE MATTER OF THE CARE AND )
 TREATMENT OF: )
 )
 WADE TURPIN, )
 WD83707
 )
 Appellant, )
 OPINION FILED:
 v. )
 April 27, 2021
 )
 STATE OF MISSOURI, )
 )
 Respondent. )

 Appeal from the Circuit Court of Cass County, Missouri
 The Honorable J. Michael Rumley, Judge

 Before Division Two: Mark D. Pfeiffer, Presiding Judge, and
 Alok Ahuja and Karen King Mitchell, Judges

 Wade Turpin was involuntarily committed to the custody of the Missouri Department of

Mental Health (DMH) as a sexually violent predator in 2004. In 2016, he petitioned for conditional

release under § 632.498.3.1 Following an evidentiary hearing, the trial court denied Turpin’s

petition because he failed to prove by a preponderance of the evidence that he “no longer suffer[ed]

from a mental abnormality that makes [him] likely to engage in acts of sexual violence if released.”

In his sole point on appeal, Turpin argues that the trial court erred in denying his petition because

 1
 All statutory references are to the Revised Statutes of Missouri (2016).
the court did not consider the conditions of release set out in § 632.505, as required by our decision

in In re Care and Treatment of King, 571 S.W.3d 169 (Mo. App. W.D. 2019). Finding no error,

we affirm.

 Background2

 In 1985, Turpin pled guilty to two counts of sodomy and two counts of abuse of a child; he

was sentenced to 20 years’ imprisonment. Before Turpin was scheduled to be released, the State

petitioned to have him involuntarily committed as a sexually violent predator. On February 26,

2004, Turpin was tried by jury and found to meet the requirements for civil commitment as a

sexually violent predator under §§ 632.480-632.525. We affirmed Turpin’s involuntary

commitment in In re Care and Treatment of Turpin, 173 S.W.3d 659 (Mo. App. W.D. 2005).

 On September 26, 2016, Turpin filed a petition for conditional release without

authorization of the DMH Director. Turpin’s petition alleged that he no longer suffers from a

mental abnormality that makes him likely to commit an act of sexual violence if conditionally

released.

 On October 23, 2019, an evidentiary hearing was held to determine whether Turpin was

entitled to a trial on the merits of his petition. Three witnesses testified: Dr. Luis Rosell, a forensic

psychologist, on behalf of Turpin; Dr. Sharon Robbins, Director of Psychology at Fulton State

Hospital, on behalf of the State; and Turpin. Dr. Rosell testified that he considered the conditions

for release listed in § 632.505 in forming his opinion that Turpin qualifies for conditional release.

With regard to the statutory conditions, Dr. Robbins testified,

 Q. [State’s counsel]: And, again, with regards to the specific conditions of release
 that are outlined in the statute, you testified you didn’t consider them for the report,
 but you have since considered them, correct?

 2
 “In the appeal of a bench-tried case, the appellate court views the facts in the light most favorable to the
trial court’s judgment.” In re Care and Treatment of Smith, 592 S.W.3d 829, 831 n.2 (Mo. App. W.D. 2020) (quoting
Pearson v. AVO Gen. Servs., 520 S.W.3d 496, 500-01 (Mo. App. W.D. 2017)).

 2
 A. [Dr. Robbins]: Correct.

 Q. [State’s counsel]: Are there any conditions you believe specifically would
 mitigate risk for Mr. Turpin?

 A. [Dr. Robbins]: No.

Following closing arguments, the trial court stated,

 I’m going to request that each side submit to me a proposed written judgment.
 Make sure that the judgment sets forth the specific issue before the Court about the
 existence—continued existence of an abnormality, so on and so forth. [I w]ant the
 judgments to reflect that the Court is aware [that] the burden of proof is a
 preponderance of evidence, and that the standard in this case is in reference and
 takes into consideration the conditional release with all the 21 statutorily required
 constraints or restrictions pursuant to that release. In other words, let’s don’t get
 contrary [to In Re Care and Treatment of] King[.]

 On January 21, 2020, the trial court issued an eight-page judgment denying Turpin’s

petition for conditional release, finding that Turpin “failed to prove that he ‘no longer suffers from

a mental abnormality that makes [him] likely to engage in acts of sexual violence if released.’”

After summarizing the testimony of the witnesses, the court concluded, “It is evident that Turpin

has not recognized he suffers from a mental abnormality, has not meaningfully participated in

treatment, continues to blame victims, and does not have a plan to address sexual or pedophilic

thoughts if he has them.” The court further stated,

 This Court is obligated to gauge the credibility of witnesses and weigh evidence
 and assess the conditions of release when assessing Turpin’s risk to reoffend if
 released. See [In re Care and Treatment of] King . . . , 571 S.W.3d 169 (Mo. App.
 W.D. 2019). The Court has carefully reviewed the evidence presented. The Court
 finds Dr. Rosell and Wade Turpin to be without credibility, and the weight of their
 testimony insufficient for this Court to find Turpin has met his burden by a
 preponderance of the evidence that he no longer suffers from a mental abnormality
 that make[s] him likely to engage in acts of sexual violence if released. This Court
 further finds Dr. Robbins to be a credible witness and her testimony is sufficient
 for this Court to find Turpin failed to meet his burden.

Turpin appeals.

 3
 Standard of Review

 “Our review of the denial of a petition for conditional release from the custody of [DMH]

is governed by Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976).” In re Care and Treatment

of Smith, 592 S.W.3d 829, 832 (Mo. App. W.D. 2020) (quoting State v. Carter, 551 S.W.3d 573,

575 (Mo. App. W.D. 2018)). “We will reverse the trial court’s decision only if there is no

substantial evidence to support it, . . . it erroneously declares or applies the law, or . . . it is against

the weight of evidence.” Id. (quoting Carter, 551 S.W.3d at 575).

 Analysis

 In his sole point on appeal, Turpin asserts that the trial court clearly erred in denying his

petition because the court “did not sufficiently abide by” King and Turpin’s continued detention

violates due process. Although we find Turpin’s point relied on to be vague,3 there are only two

potential ways the judgment “does not sufficiently abide” by King; either (1) the trial court failed

to make findings ostensibly required by King or (2) the court failed to consider the conditional

release factors in rendering its judgment (i.e., the court misapplied the law). Either way, Turpin’s

argument fails.

 To the extent Turpin argues that the trial court erred because it failed to make findings

ostensibly required by King—findings concerning the conditions of release set out in § 632.505—

Turpin failed to preserve that issue for appellate review. To preserve allegations of error relating

 3
 In its entirety, Turpin’s point states,

 The motion court clearly erred when it denied Mr. Turpin[]’s motion for a trial on this petition for
 conditional release from the [DMH] as a Sexually Violent predator under . . . § 632.498 and
 § 632.501 after an evidentiary hearing because the circuit court did not sufficiently abide by the
 Court’s dictates in In re the Matter of the [C]are and Treatment of King, 571 S.W.3d 169 (Mo. App.
 W.D. 2019) in deciding to deny Mr. Turpin’s petition for conditional release without further
 proceedings. Mr. Turpin’s continued detention offends the due process clauses of the Missouri and
 United States’ Constitutions, Art. 1 § 10 and Amend XIV, respectively, and constitutes
 unconstitutional warehousing of a sex offender, rather than care and treatment.

 4
to “the form or language of the judgment, including the failure to make statutorily required

findings,” such allegations must first be raised in a motion to amend the judgment, which Turpin

did not file. Rule 78.07(c).4 Thus, to the extent King requires specific findings and Turpin’s

complaint is about their absence in the judgment, he waived that claim by failing to file a motion

to amend under Rule 78.07(c).

 To the extent Turpin argues that the trial court erred because it failed to consider the

§ 632.505 conditions in rendering its judgment, that argument also fails. The record shows that

the trial court did consider the § 632.505 conditions in denying Turpin’s petition for conditional

release.

 Under Missouri’s sexually violent predator (SVP) laws, the State may

 indefinitely, and involuntarily, commit a person who has “pled guilty or been found
 guilty . . . of a sexually violent offense,” if the State proves that the person “suffers
 from a mental abnormality which makes [him] more likely than not to engage in
 predatory acts of sexual violence if not confined in a secure facility.”

King, 571 S.W.3d at 173 (quoting § 632.480(5)). To satisfy due process concerns, “the ‘mental

abnormality’ and ‘dangerousness’ must be inextricably intertwined, such that ‘involuntary civil

confinement is limited to those who suffer from a volitional impairment rendering them dangerous

beyond their control.’” Id. (quoting In re Care and Treatment of Murrell, 215 S.W.3d 96, 104

(Mo. banc 2007)). “Due process requires that a person be both mentally ill and dangerous in order

to be civilly committed; the absence of either characteristic renders involuntary civil confinement

unconstitutional.” Id. (quoting Murrell, 215 S.W.3d at 104).

 “The constitutional requirement that an offender both suffer from a mental illness, and

present a substantial risk of reoffending, continues beyond the offender’s initial commitment.” Id.

 4
 Generally, civil rules apply in sexually violent predator civil commitment proceedings. See In re Care and
Treatment of Jones, 565 S.W.3d 704, 709-10 & n.5 (Mo. App. S.D. 2018) and cases cited therein.

 5
“The individual must not only be dangerous at the time of, but also during, commitment, for ‘if

his involuntary confinement was initially permissible, it could not constitutionally continue after

a basis no longer existed.’” Id. (quoting Murrell, 215 S.W.3d at 104). The Missouri Supreme

Court has emphasized that “commitment pursuant to the SVP statute is not necessarily indefinite,

nor a life sentence. ‘[T]he confinement’s duration is instead linked to the stated purposes of the

commitment, namely, to hold the person until his mental abnormality no longer causes him to be

a threat to others.’” Id. (quoting Murrell, 215 S.W.3d at 105).

 “Section 632.498 ensures that an offender’s continued involuntary commitment remains

constitutionally justifiable.” Id. “Section 632.498.1 requires the Director of [DMH], on an annual

basis, to conduct an examination of the mental health of every involuntarily committed sexually

violent predator who has not been conditionally released.” Id. “If the Director determines in that

annual review ‘that the person’s mental abnormality has so changed that the person is not likely to

commit acts of sexual violence if released, the director shall authorize the person to petition the

court for release.’” Id. (quoting § 632.501). “If, on the other hand, the Director determines that

release of the offender is not warranted, the offender may nevertheless petition the court for

release,” which is what Turpin did. Id. at 173-74 (quoting § 632.498.3).

 The proceedings on a petition for conditional release involve a two-step process. The first

step is a hearing before the court, during which the petitioner must prove by a “preponderance of

the evidence that [he] no longer suffers from a mental abnormality that makes [him] likely to

engage in acts of sexual violence if released.” Smith, 592 S.W.3d at 833 (quoting King, 571

S.W.3d at 174). “If the court determines that the offender has satisfied this initial burden, then the

second [step is a] merits trial . . . .” Id. (quoting King, 571 S.W.3d at 174). “Section 632.498.5(3)

specifies that ‘the burden of proof at the merits trial shall be upon the state to prove by clear and

 6
convincing evidence that the committed person’s mental abnormality remains such that [he] is not

safe to be at large and if released is likely to engage in acts of sexual violence.’” Id. (quoting King,

571 S.W.3d at 174).

 If the petitioner satisfies his burden at the evidentiary hearing and a merits trial is held,

§ 632.498.5(4) explains the possible outcomes of the trial.

 If the court or jury finds that the person’s mental abnormality remains such that
 [he] is not safe to be at large and if released is likely to engage in acts of sexual
 violence, [he] shall remain in the custody of [DMH] in a secure facility designated
 by the director of [DMH]. If the court or jury finds that the person’s mental
 abnormality has so changed that [he] is not likely to commit acts of sexual violence
 if released, [he] shall be conditionally released as provided in section 632.505.

Id. (quoting § 632.498.5(4)).

 Section 632.505, which addresses conditional release, states in relevant part,

 Upon determination by a court or jury that the person’s mental abnormality has so
 changed that [he] is not likely to commit acts of sexual violence if released, the
 court shall place the person on conditional release pursuant to the terms of this
 section. The primary purpose of conditional release is to provide outpatient
 treatment and monitoring to prevent the person’s condition from deteriorating to
 the degree that [he] would need to be returned to a secure facility designated by the
 director of [DMH].

§ 632.505.1. Section 632.505.3 lists twenty-one conditions the court must impose on a petitioner

who is entitled to conditional release. The conditions are “designed to monitor and control an

offender’s whereabouts, conduct, medication compliance, and treatment compliance.” Smith, 592

S.W.3d at 833.

 “We clarified in King that . . . the offender’s burden in the first hearing is not to prove that

[he] is not likely to commit acts of sexual violence if released unconditionally or unsupervised.”

Id. at 833-34 (citing King, 571 S.W.3d at 176). “Rather, because ‘the terms “release” and

“conditional release” are used interchangeably’ in the statutes, the ‘statutory provisions can only

be read to refer to an offender’s release under the conditions specified in section 632.505, since

 7
that is the only form of “release” which currently exists under the statutes.’” Id. (quoting King,

571 S.W.3d at 176). “As such, an offender’s burden in the first hearing . . . is to prove ‘by a

preponderance of the evidence that [he] no longer suffers from a mental abnormality that makes

[him] likely to engage in acts of sexual violence if released’ under the conditions specified in

section 632.505.” Id. (quoting § 632.498.4).

 Under the second potential interpretation of Turpin’s point on appeal, the crux of his

argument is that the trial court’s judgment recounts his offense history in detail but devotes “less

than a paragraph on the conditions of release, discussing them only in passing.” But nothing in

Missouri’s SVP statutes or in King requires the trial court to make specific findings as to the

conditions set out in § 632.505. Rather, King requires the trial court only to consider the conditions

of release, which the court did here.

 At the conclusion of the evidentiary hearing, the court asked the parties to submit proposed

judgments that, among other things, took “into consideration the conditional release with all the

21 statutorily required constraints or restrictions pursuant to that release.” Evidence of Turpin’s

eligibility for conditional release came from two primary sources—the testimony of Drs. Rosell

and Robbins—both of whom testified that they considered the conditions of release in formulating

their respective opinions. Significantly, Dr. Robbins testified that she had considered the

conditions for release before she testified and that she did not believe there were any specific

conditions that would mitigate Turpin’s potential to reoffend if released. On cross-examination,

Dr. Robbins was questioned about several of the specific conditions listed in § 632.505, and she

confirmed her belief that none of the conditions would lower Turpin’s risk of reoffending. And

the court stated, “Dr. Robbins testified that in considering the 21 conditions of release outlined in

 8
§ 632.505, RSMo., none would lower [Turpin’s] risk of re-offense to the point that he is no longer

likely to engage in acts of sexual violence if released.”

 Thus, the trial court expressly acknowledged King and the necessity of considering the

§ 632.505 conditions when determining whether Turpin met his burden to show, by a

preponderance of the evidence, that he no longer suffered from a mental abnormality that makes

him likely to comment acts of sexual violence if conditionally released. The court also cited

Dr. Robbins’s testimony that none of the statutory conditions would lower Turpin’s risk of

reoffending. While the court did not list the statutory conditions in its judgment—something the

court was not required to do—the court found credible and relied on Dr. Robbins’s testimony that

she had considered those factors in formulating her opinion that none of them would lower

Turpin’s risk.

 The record here stands in stark contrast to that in King, where the trial court expressly

concluded that the petitioner’s witness used the wrong legal standard when he considered the

statutory conditions of release in formulating his opinion regarding the petitioner’s qualification

for conditional release. King, 571 S.W.3d at 172. Based on the record in King, we concluded,

“The circuit court erred by applying standards applicable to unconditional release in a case in

which King was . . . eligible for, and . . . seeking, [only] conditional release.” Id. at 176-77. Here,

the trial court clearly considered the conditions listed in § 632.505 in denying Turpin’s petition

and, thus, the court did not misapply the law.

 Point I is denied.

 9
 Conclusion

 Finding that the trial court considered the § 632.505 conditions of release in denying

Turpin’s petition for conditional release, the court’s judgment is affirmed.

 Karen King Mitchell, Judge

Mark D. Pfeiffer, Presiding Judge, and Alok Ahuja, Judge, concur.

 10